JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Lamar Gilbert, appeals his conviction and subsequent sentence on three counts of possession of drugs, two counts of drug trafficking, one count of possession of criminal tools, and one count of breaking and entering. Appellant also challenges the joinder of the charges.
 {¶ 2} Appellant was indicted by the Cuyahoga County Grand Jury in three[1] cases. Case No. CR-454357 charged appellant with one count of possession of drugs, a felony of the fifth degree in violation of R.C. 2925.11, alleged to have occurred on May 13, 2004. Case No. CR-651154 charged appellant with the following offenses alleged to have occurred on June 5, 2004: one count of drug trafficking, a felony of the second degree in violation of R.C. 2925.03; one count of possession of drugs, a felony of the second degree in violation of R.C.2925.11; and one count of possession criminal tools, a felony of the fifth degree in violation of R.C. 2923.24. Case No. CR-458383 charged appellant with the following offenses alleged to have occurred on August 19, 2004: one count of drug trafficking, a felony of the second degree in violation of R.C. 2925.03; one count of possession of drugs, a felony of the second degree in violation of R.C. 2925.11; one count of possessing criminal tools, a felony of the fifth degree in violation of R.C. 2923.24; and one count of breaking and entering, a felony of the fifth degree in violation of R.C. 2911.13.
 {¶ 3} Upon the State's motion, and over the objection of the defense, the three cases were joined and tried before a jury. At the conclusion of the State's case-in-chief, the defense made a Crim.R. 29 motion for acquittal, which the court denied. The defense then attempted[2] to present evidence on its behalf, at the conclusion of which, it renewed its Crim.R. 29 motion, which the trial court again denied. The defense also renewed its objection to joinder of the cases.
 {¶ 4} The jury returned a guilty verdict on all of the charges, with the exception of the possessing criminal tools charge alleged to have occurred on August 19, 2004. Appellant was thereafter sentenced to seven years on each of the four second-degree felony charges and six months on each of the three fifth-degree felony charges. The sentences were ordered to be served concurrently, for a total seven-year sentence.
 {¶ 5} Numerous law enforcement officials, many of whom were from the Cuyahoga Metropolitan Housing Authority ("CMHA") where appellant committed all of the infractions, testified on behalf of the State. In regard to the May 13, 2004 infraction, the investigating officer testified that while on duty, at approximately 3:10 a.m., he encountered a male sitting in a car with an open container in a CMHA parking lot. While the officer spoke with that man, appellant, who appeared intoxicated, approached the car on foot and argued with the officer. Upon the officer's request for some identification, appellant went around to a van parked next to the car, opened the door, retrieved a bag from his pocket and threw it into the van.[3] The officer testified that as appellant withdrew the bag from his pocket, a little pebble, later confirmed to be crack cocaine, fell out of his pocket onto the ground.[4] Appellant was charged with one count of possession of drugs, to-wit: crack cocaine in the amount of less than one gram.
 {¶ 6} The charges relative to June 5, 2005 came about as a result of the execution of a search warrant at a CMHA apartment. In response to complaints of drug activity at the apartment, the apartment had been under surveillance. Subsequently, a controlled buy via a confidential informant occurred. The confidential informant, appellant's co-defendant, purchased drugs from a female inside the apartment. The co-defendant herself had been selling drugs out of the apartment and was arrested the evening that the search of the apartment was executed.
 {¶ 7} Appellant had been residing in the apartment at the time of, and for the two weeks prior to, the execution of the warrant. During that time, the lessee of the apartment was away in drug rehabilitation.
 {¶ 8} Three of the law enforcement officials testified about their observations of appellant as the warrant was being executed. Those officials watched outside the apartment and saw appellant run out of the apartment onto the balcony as the S.W.A.T. team forced entry into the apartment. Upon seeing the law enforcement officials outside, and after disregarding their commands to get on the ground, appellant ran back into the apartment. One of the S.W.A.T. team officers who made the initial entry into the apartment testified that as he was entering the apartment, appellant was running from one bedroom to another. Appellant was apprehended in the northeast bedroom, which he ran into after leaving the northwest bedroom.
 {¶ 9} Upon entering the northwest bedroom, one of the detectives observed eight rocks of crack cocaine in plain view on top of the television set and a knotted plastic bag of crack cocaine in plain view on a table. Upon a search of the bedroom, eight individually packaged crack cocaine bags were found in a boot in the closet, as well as $234 in cash and four plastic baggies. A digital scale found in the bedroom contained cocaine residue. Men's clothing and pictures of appellant were also in the bedroom.
 {¶ 10} In the kitchen, a plate with cocaine residue, two scales, and cocaine residue in the trash can were discovered.
 {¶ 11} The events of June 5, 2004 resulted in appellant being charged with drug trafficking, possession of drugs and possessing criminal tools.
 {¶ 12} In regard to the last date, August 19, 2004, two of the officers testified that while on curfew patrol on CMHA property, they observed appellant sitting in a car and littering. As they approached the car, they saw appellant reach behind the seat. They asked appellant to provide identification and to step out of the car. When they looked into the car, a bottle of vodka was found in the area where appellant had reached. The officers checked appellant's identification and learned that he was not permitted to be on CMHA property because of prior infractions. The car was registered as being owned by Ivory Garrison.[5]
Appellant was placed under arrest for trespassing.
 {¶ 13} After appellant's arrest, the car was sniffed by a police dog. The dog alerted to the rear quarter panel of the car. The police retrieved a bag containing a large quantity of crack cocaine from that panel. Some of the rocks of cocaine were individually wrapped.
 {¶ 14} As a result of the August 19, 2004 events, appellant was charged with drug trafficking, possession of drugs, possessing criminal tools and breaking and entering.
 {¶ 15} The defense called Ivory Garrison, the owner of the car involved in the August 19, 2004 incident, as a witness on its behalf. Garrison, however, invoked her Fifth Amendment right against self-incrimination.
 {¶ 16} In his first assignment of error, appellant contends that the trial court erred in granting the State's motion for joinder.
 {¶ 17} Crim.R. 8(A) provides:
 {¶ 18} "Joinder of offenses. Two or more offenses may be charged in the same indictment, information or complaint in a separate count for each offense if the offenses charged * * * are of the same or similar character, or are based on the same act or transaction, or are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan, or are part of a course of criminal conduct."
 {¶ 19} Crim.R. 13 provides in pertinent part:
 {¶ 20} "The court may order two or more indictments or informations or both to be tried together, if the offenses or the defendants could have been joined in a single indictment or information."
 {¶ 21} Thus, pursuant to Crim.R. 8(A) and 13, two or more offenses can be tried together if the offenses are of the same character, based on connected transactions, or are part of a course of conduct. Generally, the law favors joining multiple offenses in a single trial under Crim.R. 8(A) if the offenses charged are of the same or similar character. State v. Lott
(1990), 51 Ohio St.3d 160, 163, 555 N.E.2d 293.
 {¶ 22} However, if joinder would prejudice a defendant, the trial court is required to order separate trials. Crim.R. 14. It is the defendant who bears the burden of demonstrating prejudice and that the trial court abused its discretion in denying severance. State v. Hill, Cuyahoga App. No. 80582, 2002-Ohio-4585, citing State v. Coley, 93 Ohio St.3d 253,2001-Ohio-1340, 754 N.E.2d 1129. A defendant's claim of prejudice is negated when: (1) evidence of the other crimes would have been admissible as "other acts" evidence under Evid.R. 404(B); or (2) the evidence of each crime joined at trial is simple and direct.Lott, supra, at 163; see, also, State v. Schaim,65 Ohio St.3d 51, 59, 1992-Ohio-31, 600 N.E.2d 661; State v. Franklin
(1991), 62 Ohio St.3d 118, 122, 580 N.E.2d 1.
 {¶ 23} In the instant case, we find joinder was proper because the incidents were based on the same course of conduct. In particular, the charges in all three cases alleged a course of consistent drug-related activity occurring on CMHA property. In fact, two of the three incidents (i.e., May 13, 2004 and August 19, 2004) occurred at the same CMHA address.
 {¶ 24} Moreover, appellant has failed to demonstrate any prejudice by the joinder. The evidence in each case was simple and direct, involving easily distinguishable fact patterns. SeeHill, supra; State v. Santiago (Sept. 27, 2001), Cuyahoga App. Nos. 78678 and 78715. There is no indication from the record that the jury confused the evidence as to the different counts or that it was influenced by the cumulative effect of the joinder. In fact, the jury's verdict demonstrates that they considered each charge separately: e.g., acquitting appellant of the possession of criminal tools alleged to have occurred on August 19, 2004.
 {¶ 25} Accordingly, appellant's first assignment of error is overruled.
 {¶ 26} In his second and third assignments of error, appellant contends that the trial court erred in denying his Crim.R. 29 motion for acquittal and that the conviction was against the manifest weight of the evidence, respectively.
 {¶ 27} Within these two assignments of error, appellant argues that the following demonstrate the insufficiency of the evidence and that the conviction was against the manifest weight of the evidence: throwing a pebble of crack cocaine to the ground (May 13, 2004 possession of drugs count), the lack of drugs found on his person (June 5, 2005 drug trafficking, possession of drugs and possession of criminal tools counts), and the purported lack of evidence connecting him to the drugs found in the car and indicating that he was trespassing (August 19, 2004 drug trafficking, possession of drugs and breaking and entering counts).
 {¶ 28} Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." A trial court may not grant an acquittal by authority of Crim.R. 29(A) if the record demonstrates that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt.State v. Wolfe (1988), 51 Ohio App.3d 215, 216, 555 N.E.2d 689. In making this determination, all evidence must be construed in a light most favorable to the prosecution. Id.
 {¶ 29} "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." State v.Gulley (Mar. 15, 2000), 9th Dist. No. 19600, citing State v.Thompkins (1997), 78 Ohio St.3d 380, 390, 1997-Ohio-52,678 N.E.2d 541 (Cook, J., concurring).
 {¶ 30} "[B]ecause sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." (Emphasis omitted.) State v.Roberts (Sept. 17, 1997), 9th Dist. No. 96CA0064625.
 {¶ 31} When a defendant asserts that his conviction was against the manifest weight of the evidence, "an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339,340, 515 N.E.2d 1009. This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
 {¶ 32} Here, as will be discussed below, appellant's conviction was not against the manifest weight of the evidence and, thus, his Crim. R. 29 claim of insufficiency of the evidence also fails.
 {¶ 33} R.C. 2925.11(A), governing drug possession, provides that "[n]o person shall knowingly obtain, possess, or use a controlled substance." R.C. 2925.03(A)(2), governing trafficking in drugs, provides in pertinent part that:
 {¶ 34} "No person shall knowingly * * * [p]repare for shipment * * * a controlled substance, when the offender knows or has reasonable cause to believe that the controlled substance is intended for sale or resale by the offender or another person."
 {¶ 35} R.C. 2923.24(A), governing possessing criminal tools, provides that "[n]o person shall possess or have under the person's control any substance, device, instrument, or article, with purpose to use it criminally."
 {¶ 36} In regard to the May 13, 2004 possession of drugs charge, appellant argues that "[o]ne police officer claims that he saw a `little pebble' fall to the ground from Appellant at 3 a.m. in the morning." Essentially, appellant challenges the officer's credibility.
 {¶ 37} Upon review, we do not find the officer's testimony relative to this charge incredulous. The officer testified that while he was dealing with an individual in a car, appellant, who appeared intoxicated, approached the car on foot and argued with the officer. Upon requesting some identification from appellant, appellant went around to a van parked next to the car, opened the door, retrieved a bag from his pocket and threw it into the van. The officer testified that as appellant withdrew the bag from his pocket, a little pebble, which tested positive for the presence of cocaine, fell to the ground. That testimony supports the conviction for the May 13, 2004 possession of drugs charge.
 {¶ 38} In regard to the June 5, 2004 possession and trafficking in drugs charges and possessing criminal tools charge, appellant contends that no drugs were found on his person but, drugs were found on his co-defendant's person. Appellant also argues that the lessee was in drug rehabilitation at the time and, thus, insinuates that the drugs and criminal tools belonged to her. We are not persuaded by appellant's arguments.
 {¶ 39} Possession may be actual or constructive. State v.Haynes (1971), 25 Ohio St.2d 264, 267 N.E.2d 787. Although the mere presence of a defendant at a residence in which contraband is discovered is insufficient to support a conviction for possession, Haynes, supra, at 270, if the evidence demonstrates that the defendant was able to exercise dominion or control over the objects, the defendant can be convicted of possession. Statev. Wolery (1976), 46 Ohio St.2d 316, 348 N.E.2d 351. Furthermore, where a sizable amount of readily usable drugs are in close proximity to a defendant, there is sufficient circumstantial evidence to support the conclusion that the defendant is in constructive possession of drugs. State v.Pruitt (1984), 18 Ohio App.3d 50, 480 N.E.2d 499; State v.Braxton (Jan. 18, 1990), Cuyahoga App. No. 56269; State v.Walker (Oct. 15, 1987), Cuyahoga App. Nos. 52485 and 52486. The same reasoning applies to the discovery of other contraband in close proximity to a defendant. State v. Franklin (July 27, 1989), Cuyahoga App. Nos. 55604 and 55684; State v. Bailey
(Apr. 9, 1987), Cuyahoga App. No. 51968.
 {¶ 40} Circumstantial evidence alone is sufficient to support the element of constructive possession. Braxton, supra; Statev. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492; State v.Lavender (Mar. 12, 1992), Cuyahoga App. No. 60493.
 {¶ 41} In this case, appellant's presence in the apartment on the day of, and for the two weeks leading up to, the execution of the search warrant demonstrated that he had, at least, constructive possession of the drugs and criminal tools as set forth in the State's indictment. Further, the individually packaged bags of crack cocaine supported the conviction for drug trafficking. Fro this record we conclude that the trier of fact did not clearly lose its way in convicting appellant on the charges relative to the June 5, 2004 events.
 {¶ 42} Similarly, the jury did not lose its way in convicting appellant of the charges relative to the August 19, 2004 events. In regard to the drug charges, appellant argues that there was no evidence that he knew anything about the drugs that were found in the car. In particular, appellant argues that the car did not belong to him and that the item the officers testified they saw him hide was a bottle of vodka.
 {¶ 43} The theory of constructive possession, however, again supports the drug conviction for the August 19, 2004 incident. "Possession of the keys to a vehicle is a strong indicator that a defendant has control over the vehicle and all things found in the vehicle." State v. Ray, 9th Dist. No. 03CA0062-M,2004-Ohio-3412, at ¶ 23. Here, appellant was the driver and sole occupant of the vehicle.
 {¶ 44} Further, the jury did not lose its way in regard to the breaking and entering charge. R.C. 2911.13(B), governing breaking and entering, provides that "[n]o person shall trespass on the land or premises of another, with purpose to commit a felony."
 {¶ 45} R.C. 2911.21 governs trespass and provides in pertinent part that "[n]o person, without privilege to do so, shall * * * knowingly enter or remain on the land or premises of another." The land or premises includes those owned, controlled or in custody of a public agency. R.C. 2911.21(B).
 {¶ 46} On August 19, 2004, appellant was not permitted to be on any CMHA property because of prior infractions he committed while on its property. Thus, he was trespassing on CMHA property at the time of incident. Further, for the reasons already explained, he was committing a felony on the property while he was trespassing. Thus, the jury properly found him guilty of breaking and entering.
 {¶ 47} Accordingly, appellant's second and third assignments of error are overruled.
 {¶ 48} In his fourth and final assignment of error, appellant argues that the trial court erred when it sentenced him to more than the minimum sentence, since the court did not find that appellant had previously served a prison sentence pursuant to R.C. 2929.14(B). Appellant further argues that the sentence was improper because it was based upon factors not admitted by him or found by a jury, in violation of Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531.
 {¶ 49} Until recently, R.C. 2929.14(B) governed more than the minium sentences, and required that "if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
 {¶ 50} "(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
 {¶ 51} "(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 52} While this case was pending on appeal, the Supreme Court of Ohio, in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470, relying on Apprendi v. NewJersey (2000), 530 U.S. 466, 120 S.Ct. 2348, and Blakely,
supra, held that R.C. 2929.14(B), as well as other provisions in the Revised Code, is unconstitutional because it violates a defendant's Sixth Amendment right to a jury trial.
 {¶ 53} Pursuant to United States v. Booker (2005),543 U.S. 220, 125 S.Ct. 738, the Supreme Court of Ohio's remedy was to sever the unconstitutional provisions of the Revised Code, including R.C. 2929.14(B). After severance, judicial factfinding is not required before the court imposes a sentence that is more than the minimum. Foster, supra, at paragraph two of the syllabus.
 {¶ 54} Here, in sentencing appellant to more than minimum, the court did not make either finding pursuant to R.C.2929.14(B). Nonetheless, Foster dictates that appellant's sentence be vacated and the case remanded for resentencing. Id. at ¶ 103-106. For that reason, appellant's assignment of error is sustained.
Judgment affirmed; sentence vacated; case remanded for resentencing.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, A.J., and Karpinski, J., concur.
[1] A fourth case, Case No. CR-455683, was dismissed prior to trial.
[2] The one witness called by the defense invoked her Fifth Amendment right against self-incrimination.
[3] The officer testified that the bag appellant threw into the van was recovered and the contents were determined to be marijuana.
[4] Appellant stipulated to the positive laboratory reports and weights contained therein of the drugs entered into evidence.
[5] One of the officers involved in the August 19, 2004 incident testified that approximately two weeks after the incident, he saw appellant in the same car. The officer further testified that, when he questioned Garrison about the car, she stated that it was not her car and she did not know anything about it.