JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Lamar Gilbert, appeals from trial court orders in these consolidated cases resentencing him following an order of remand from this court. In his single assignment of error, appellant contends that the court erred by sentencing him to a term of imprisonment in excess of the statutory minimum sentence. We find no error and affirm the trial court's judgment.
 {¶ 2} Our decision in the previous appeal of this matter discusses the factual and procedural background of this case. We will not repeat it here. See State v. Gilbert, Cuyahoga App. No. 86773, 2006-Ohio-3595. Briefly stated, appellant was convicted of seven crimes following a jury trial: drug possession (three counts), drug trafficking (two counts), breaking and entering, and possession of criminal tools. The two drug trafficking charges and two of the three drug possession charges were *Page 2 
second degree felonies; the remaining charges were fifth degree felonies. This court affirmed appellant's convictions but vacated the sentences imposed and remanded this matter to the common pleas court for resentencing. On remand, the trial court sentenced appellant to six years' imprisonment on each of the second degree felonies, and six months' imprisonment on each of the fifth degree felonies, the sentences on all counts to be served concurrently, followed by three years' post-release control.
 {¶ 3} Appellant now argues that the sentencing law that was in effect on the dates these crimes were committed should be applied because application of the remedial portion of the Ohio Supreme Court's decision in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856 would violate his due process rights. Because judicial fact-finding is no longer allowed under Foster, however, appellant urges that he must be sentenced to the statutory minimum term of two years' imprisonment.
 {¶ 4} This court held in State v. Mallette, Cuyahoga App. No. 87984,2007-Ohio-308, and in numerous cases since, that retroactive application of the Foster remedy does not violate a defendant's due process rights. Appellant had no vested right to a presumptive minimum sentence, because the presumption could have been overcome even before Foster. State v.McGhee, Shelby App. No. 17-06-05, 2006-Ohio-5162, ¶ 24. By demanding application of a presumption in favor of a minimum sentence but not allowing any means by which the presumption can be *Page 3 
overcome, "appellant essentially seeks the benefit of a state of law that never existed." State v. Paynter, Muskingum App. No. CT-2006-0034,2006-Ohio-5542, ¶ 39. We hold that application of Foster on resentencing did not violate appellant's due process rights. Appellant's sole assignment of error is overruled.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 COLLEEN CONWAY COONEY, P.J., and MARY EILEEN KILBANE, J., CONCUR *Page 1