JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Rayshun Davis, appeals the trial court's denial of his motion to suppress evidence. For the reasons set forth below, we affirm.
 {¶ 2} The following facts were established at the suppression hearing and are not in dispute. On the night of June 27, 2007, Cleveland Metropolitan Housing Authority police officer Ovalle was conducting surveillance at the King-Kennedy Estates, a public-housing development of the CMHA. The surveillance was in response to allegations of a gang war between the King-Kennedy Estates and another CMHA property. From his location in a parking lot, Ovalle observed appellant's car driving through the King-Kennedy Estates. He recognized the front seat passenger, James Morgan, as someone he had previously arrested on CMHA property for drug and weapons violations. He believed Morgan was on the CMHA "banned list" and should not have been on CMHA property. Ovalle wanted to investigate why Morgan was there that night. Unable to access appellant's vehicle from his location, Ovalle radioed another CMHA officer who followed behind appellant's car as it entered a parking lot and then activated his lights. Ovalle approached on foot and observed appellant back his car into a parking space and then get out of the car.
 {¶ 3} Ovalle testified that appellant exited the car without being ordered to do so and was irate, flailing his arms around. While CMHA officers *Page 4 
handcuffed and secured appellant, Ovalle focused his attention on Morgan, who remained in the car. Ovalle observed drugs and ammunition in plain view in the front seat console of appellant's car. He relayed this information to the other CMHA officers who then questioned appellant. Appellant admitted having a weapon in his pants pocket. After investigation of appellant's identification turned up prior felony convictions, appellant was arrested. Morgan was released after talking to the officers, and was told to leave the area.
 {¶ 4} On July 10, 2007, the Cuyahoga County Grand Jury indicted appellant on one count of carrying a concealed weapon, in violation of R.C. 2923.12, and one count of having a weapon while under disability, in violation of R.C. 2923.13. Appellant entered a plea of not guilty to the indictment. Appellant filed a motion to suppress the evidence seized during the search of his vehicle. On September 24, 2007, the trial court held the hearing on appellant's motion and, based upon the evidence presented, denied appellant's motion to suppress.
 {¶ 5} On November 8, 2007, appellant changed his plea to no contest and was found guilty on both counts of the indictment. The trial court sentenced appellant to concurrent one-year prison terms.
 {¶ 6} Appellant now appeals raising a single assignment of error challenging the trial court's denial of his motion to suppress. Appellant argues that the police had no reasonable suspicion of wrongdoing and therefore no *Page 5 
authority to stop the vehicle he was driving. Appellant contends that since the stop was unlawful from its inception, all of the evidence seized as a result of the subsequent search must be suppressed as well as his statements to the officers regarding a weapon.
 {¶ 7} Appellate review of a motion to suppress presents a mixed question of law and fact. State v. Burnside, 100 Ohio St.3d 152,2003-Ohio-5372, at _8. In considering a motion to suppress, the trial court is in the best position to decide the facts and to evaluate the credibility of the witnesses. State v. Mills (1992), 62 Ohio St.3d 357,366. Consequently, we must accept the trial court's findings of fact if they are supported by competent and credible evidence. State v.Curry (1994), 95 Ohio App.3d 93. However, without deference to the trial court's conclusion, it must be determined independently whether, as a matter of law, the facts satisfy the applicable legal standard.Burnside, supra, at _8.
 {¶ 8} A police stop of a motor vehicle is a significant intrusion requiring justification as a "seizure" within the meaning of the Fourth
and Fourteenth Amendments to the United States Constitution.Delaware v. Prouse (1979), 440 U.S. 648, 653. A seizure for the purpose of an investigative stop is justified when a police officer can "point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion."Terry v. Ohio (1968), 392 U.S. 1, 21. The propriety of an investigative stop by a police officer must be reviewed in light of the totality of the surrounding *Page 6 
circumstances. State v. Bobo (1988), 37 Ohio St.3d 177, paragraph one of the syllabus. An investigative stop does not violate theFourth Amendment to the United States Constitution if the police have reasonable suspicion that "the person stopped is, or is about to be, engaged in criminal activity." United States v. Cortez (1981),449 U.S. 411, 417. The police may stop a vehicle if they have a reasonable suspicion that an occupant of the vehicle is engaged in criminal activity. Delaware v. Prouse, 440 U.S. at 674.
 {¶ 9} Appellant argues that without first verifying whether Morgan was on the banned list, the police had no reasonable suspicion of wrongdoing and therefore no lawful basis for the stop. We disagree.
 {¶ 10} According to Ovalle's testimony, CMHA management prepares a list of persons who are banned from CMHA property due to past criminal activity. Ovalle recognized Morgan as a person he had arrested several times for weapons and drug violations on CMHA property. He believed that Morgan was on the CMHA banned list. Ovalle testified that he wanted to speak to Morgan. He stated he was concerned about the gang wars going on and wanted to determine why Morgan was there and whether he was trespassing. Ovalle stated that he had a copy of the banned list in the car, but did not have time to check the list to see if Morgan's name was on it. He further stated that radio dispatch makes the final confirmation of whether a person is on the banned list. *Page 7 
 {¶ 11} We find no merit to appellant's argument that until the police verified that Morgan's name was on the list, they had no reasonable suspicion of any wrongdoing. Although verification could have provided the officers with probable cause to arrest Morgan, a Terry investigative stop can be made on less than probable cause to arrest as long as there is reasonable suspicion that someone may be involved in criminal activity. State v. Hart (1988), 61 Ohio App.3d 37, 40. Morgan was observed entering CMHA property in a moving vehicle. As the United States Supreme Court stated in Adams v. Williams (1972), 407 U.S. 143:
 {¶ 12} "The Fourth Amendment does not require a policeman who lacks the precise level of information necessary for probable cause to arrest to simply shrug his shoulders and allow a crime to occur or a criminal to escape. On the contrary, Terry recognizes that it may be the essence of good police work to adopt an intermediate response * * *. A brief stop of a suspicious individual, in order to determine his identity or to maintain the status quo momentarily while obtaining more information, may be most reasonable in light of the facts known to the officer at the time." Id. at 145-146.
 {¶ 13} Our analysis of the totality of the circumstances finds that the facts in the instant case justify an investigative stop of appellant's vehicle. Ovalle had a reasonable suspicion that Morgan was committing a criminal trespass by entering upon the King-Kennedy Estates property on the night in question. See *Page 8 
R.C. 2911.21; State v. Gilbert, Cuyahoga App. No. 86773, 2006-Ohio-3595. CMHA police were justified in stopping appellant's vehicle to conduct a further investigation into the possible trespass. The stop being lawful, the court did not err in denying appellant's motion to suppress. Appellant's assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 MARY J. BOYLE, J., and FRANK D. CELEBREZZE, JR., J., CONCUR *Page 1