OPINION
{¶ 1} Appellant, Merwin Irons ("appellant"), pled guilty to three counts of rape, felonies in the first degree in violation of R.C. 2907.02(A)(1)(b). Following the acceptance of the plea, the Lake County Court of Common Pleas sentenced appellant to eight years imprisonment on each offense with counts two and three to run concurrent to one another and consecutive to count one for a total imprisonment term of sixteen years. Appellant was also labeled a sexual predator pursuant to R.C. 2950.01 and R.C.2950.09. Appellant appeals both the sentence and the sexual predator classification. As a result of the Ohio Supreme Court's decision in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the statutes utilized by the trial court in rendering appellant's sentence have been declared unconstitutional and therefore we must vacate appellant's sentence and remand for re-sentencing consistent with Foster. For the reasons stated in this opinion, we affirm as to appellant's sexual predator classification.
 {¶ 2} Appellant asserts the following assignments of error:
 {¶ 3} "[1.] THE FINDING THAT THE DEFENDANT-APPELLANT IS A SEXUAL PREDATOR IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 4} "[2.] THE TRIAL COURT ERRED WHEN IT SENTENCED THE DEFENDANT-APPELLANT TO MORE-THAN-THE-MINIMUM, CONSECUTIVE SENTENCES BASED UPON A FINDING OF FACTORS NOT FOUND BY THE JURY OR ADMITTED BY THE DEFENDANT-APPELLANT IN VIOLATION OF THE DEFENDANT-APPELLANT'S STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO TRIAL BY JURY."
 {¶ 5} Appellant's first assignment of error challenges the trial court's classification of appellant as a sexual predator.
 {¶ 6} Appellant raped three young girls repeatedly over a period of several years. The girls were the ages of three, five and seven when the abuse began. During the time of these offenses, appellant provided part-time day care for the children. Appellant pled guilty to three counts of rape, felonies in the first degree in violation of R.C. 2907.02(A)(1)(b). On October 20, 2005, the trial court conducted a sexual predator hearing pursuant to R.C. 2950.09 and determined that appellant should be classified as a sexual predator.
 {¶ 7} Prior to making that determination, the trial court reviewed the pre-sentence report and recommendation of the Lake County Adult Probation Department, the victim impact statements, the psychological evaluation and report of Dr. Jeffrey Rindsberg, medical records and arguments presented at the hearing. Upon this review, the trial court found the appellant to be a sexual predator by "clear and convincing evidence."
 {¶ 8} Appellant attacks this classification. In reviewing sexual predator determinations, an appellate court must review the entire record and determine whether the classification was against the manifest weight of the evidence. State v. Yodice,
11th Dist. No. 2001-L-155, 2002-Ohio-7344, at ¶ 11.
 {¶ 9} R.C. 2950.01(E) states in part:
 {¶ 10} "`Sexual predator' means a person to whom either of the following applies: "(1) The person has been convicted of or pleaded guilty to committing a sexually oriented offense that is not a registration-exempt sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses."
 {¶ 11} Appellant's pleas of guilty to three counts of rape in the first degree satisfies the first prong of this "sexual predator" definition. See, R.C. 2950.01(D)(1). However, in order for one to be designated a sexual predator, the state must prove by "clear and convincing evidence" that the offender is likely to commit sexually oriented offenses in the future. See, R.C.2950.01(E), see, also, State v. Eppinger, (2001),91 Ohio St.3d 158, 163. "Clear and convincing evidence has been defined as `the amount of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations to be proved. It is * * * more than a preponderance of the evidence and less than evidence beyond a reasonable doubt.'" Yodice, supra, at ¶ 13, quoting State v. Ingram (1992), 82 Ohio App.3d 341,346.
 {¶ 12} R.C. 2950.09(B)(3) sets forth specific factors to be considered by a trial court prior to making the determination that an offender is a sexual predator. Specifically, R.C.2950.09(B)(3) states: "* * * the judge shall consider all relevant factors, including, but not limited to, all of the following:
 {¶ 13} "(a) The offender's * * * age;
 {¶ 14} "(b) The offender's * * * prior criminal record * * * regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 15} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 {¶ 16} "(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 {¶ 17} "(e) Whether the offender * * * used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 18} "(f) If the offender * * * previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
 {¶ 19} "(g) Any mental illness or mental disability of the offender * * *;
 {¶ 20} "(h) The nature of the offender's * * * sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 21} "(i) Whether the offender * * * during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 {¶ 22} "(j) Any additional behavioral characteristics that contribute to the offender's * * * conduct."
 {¶ 23} It is not necessary for a trial court to find all the afore-mentioned factors apply to an offender, or even a majority of the factors, prior to the classification as a sexual predator.State v. Swank (Dec. 21, 2001), 11th Dist. No. 98-L-049, 2001 Ohio App. LEXIS 5846, 16, see, also, Yodice, supra, at ¶ 13. "[T]he defendant may be so adjudicated even if only one or two of these factors are present, so long as the totality of the circumstances provides clear and convincing evidence that the defendant is likely to commit a sexually-oriented offense in the future." Id.
 {¶ 24} The trial court properly reviewed the statutory factors and made the following determinations: "* * * (a) the Defendant's age at the time of the commission of the offenses appears to have been between the age of 63 and 67. * * * (b) the Defendant has no prior history of criminal convictions * * * (c) * * * the victims at the beginning of the sexual assaults were of the ages, three, five and seven. * * * (d) * * * clearly there were three separate victims. * * * (e) whether drugs and alcohol were used to impair the victim, the answer is no. * * * (f) * * * there has been no participation in a program for sexual offenders * * * (g) * * * we have findings in Dr. Rindsberg's report of pedophilia, attraction to young females, adjustment disorder with depressed mood, and alcohol dependency, in full sustained remission. * * * (h) * * * there was digital penetration of the vagina, anus areas, cunnilingus performed on at least two of the victims by the Defendant, there was rubbing of the victim's breasts, the body, over and under clothing, and there was at least one victim who the Defendant exposed his penis to. * * * There were numerous incidents of sexual abuse molestation of three young girls, one over nearly a five year period, two over about a two year period. * * * (i) * * * there was cruelty. One victim actually bled as a result of digital penetration. Another victim found the incident to be painful and they hurt, and the victims reported that they tried to physically resist the conduct of the Defendant, but the Defendant was too strong and, therefore he forced them into submission. * * * (j) * * * the mentality belief of the Defendant was sexual abuse or this type of behavior kept a family together. A belief that originated from the sexual abuse that he himself had suffered from at the hands of his parents as a child. * * * [T]he Defendant had the belief that the girls actually enjoyed what he was doing to them. * * * (k) * * * the Defendant is confined to a wheelchair, by his own self-reporting, and administered oxygen through his nose. He's suffered from chronic obstructive pulmonary disease, congestive heart failure, a condition of arthritis, a calcium tumor on his brain, blood disease, and diabetes * * *."
 {¶ 25} Appellant asserts that the trial court substituted its opinion for that of a medical doctor. Dr. Jeffrey Rindsberg performed a psychological evaluation on appellant on September 29, 2005. According to Dr. Rindsberg's pre-sentence report, appellant's test scores showed he had a low risk for re-conviction for similar sexual offenses. Appellant also scored low to moderate on the test measuring risk for sexual violence. The report further stated: "* * * it is clear that he [appellant] is a child molester." Dr. Rindsberg diagnosed appellant as meeting the definitional criteria for pedophilia and adjustment disorder with depressed mood. Dr. Rindsberg noted appellant believed as a result of his own sexual abuse history as a child, that this type of sexual activity kept a family together. He also indicated a strong desire to be loved by anyone. At the conclusion of his evaluation, Dr. Rindsberg opined that appellant had a low risk for sexual recidivism and recommended a classification as a "sexually-oriented offender."
 {¶ 26} Appellant argues that the trial court's deviation from Dr. Rindsberg's recommendation translates to error. We do not agree. R.C. 2950.09 (B)(3) clearly charges the court to consider each of the delineated factors; not to simply disregard the other factors in light of a medical recommendation. In fact, courts are not required to accept or follow the recommendations of a medical expert in regards to the determination of sexual predator. Statev. Taylor, 12th Dist. Nos. CA2005-01-001, CA2005-01-004,2005-Ohio-6426, at ¶ 29.
 {¶ 27} One of the primary contributing factors to Dr. Rindsberg's medical recommendation was appellant's age. This factor combined with appellant's medical conditions, in Dr. Rindsberg's opinion, provided little opportunity for appellant to engage in similar offenses in the future. The trial court was not as convinced by appellant's age and medical status as a prohibitory precursor to future offenses. The court noted that most of appellant's maladies existed even at the time of the offenses. Upon review of the record, it is evident that appellant suffered from a variety of medical problems. It is equally evident however, that those medical conditions existed throughout most of his adult life, including during the time when he was sexually abusing the victims.
 {¶ 28} Appellant also argues that the trial court erred by classifying appellant as a sexual predator based on the single underlying offense without further evidence. On the contrary, appellant was not convicted of a singular offense as so-characterized by appellant. Rather, appellant pleaded guilty to rape of three female children. Further, this was not an isolated incident. Appellant repeatedly violated these girls through a series of sexual offenses over a period of several years. In addition, we agree with the trial court that the statutory factor regarding behavioral characteristics weighs significantly against appellant's argument. Appellant was providing child care for his victims. He violated that trust and relationship through his actions. Furthermore, appellant himself had been sexually abused as a child and pled with Dr. Rindsberg during his evaluation for help.
 {¶ 29} When reviewing the evidence under a totality of the circumstances, we do not agree with appellant that the classification of sexual predator is against the manifest weight of the evidence. Certainly there are factors which do weigh against the designation. The strongest factors being appellant's age and medical status combined with Dr. Rindsberg's recommendation. Appellant also cites the lack of drugs or alcohol used in the inducement of the crime as a favor against the classification. While it is true that appellant did not provide alcohol or drugs to the children during or prior to the commencement of the sexual abuse, he nevertheless abused his position of authority and trust in committing the acts. Further, appellant instructed the children to keep the abuse secret. Although not physiologically altering in a chemical sense, appellant's tactics involve similar inducement and impact. However, even considering these elements, which tend to weigh in favor of appellant's argument, they do not outweigh the remaining considerations.
 {¶ 30} The classification of appellant as a sexual predator was not made as a result of the trial court improperly substituting its judgment for that of the medical professional. Nor was the classification based on the trial court improperly considering a single offense as evidence in and of itself as correlating to a high likelihood of recidivism. Rather, the classification was based on the evidence viewed in its entirety as a whole. After reviewing the record, we cannot conclude that the trial court lost its way.
 {¶ 31} Appellant's first assignment of error is without merit.
 {¶ 32} Appellant's second assignment of error asserts the trial court erred in sentencing appellant to more-than-the-minimum and consecutive sentences in light of the United State Supreme Court's decision in Blakely v. Washington
(2004), 542 U.S. 296. Appellee does not dispute appellant's second assignment of error in light of the Ohio Supreme Court's decision in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, which applied the Blakely principles to Ohio's sentencing scheme.
 {¶ 33} According to Blakely, judicial fact-finding prior to the imposition of a sentence violates a defendants' Sixth Amendment right to trial by jury. Ohio applied the principles ofBlakely in Foster wherein the court held certain portions of Ohio's sentencing scheme unconstitutional as they replace the judiciary as the fact-finder in lieu of the jury. Id.; see, also,Apprendi v. New Jersey (2000), 530 U.S. 466; Blakely, supra.
 {¶ 34} The sentence imposed by the trial court is unconstitutional in two respects. First, the trial court relied on R.C. 2929.14(B) in sentencing appellant to more-than-the-minimum prison term. Foster declared R.C.2929.14(B) unconstitutional as it replaced the jury with the judiciary as the fact-finder. Second, in sentencing appellant to consecutive prison terms for two of the three rape convictions, the trial court relied on R.C. 2929.19(B)(2). Foster also declared R.C. 2929.19(B)(2) unconstitutional for the same reason. Therefore, appellant's sentence is void and must be vacated.
 {¶ 35} Foster, however, did not invalidate the entire Ohio sentencing scheme. The court determined that severing the unconstitutional provisions of the code would serve as an appropriate remedy. "All references to mandatory judicial fact-finding properly may be eliminated in the four areas of concern." Foster at ¶ 96. After severance, R.C. 2929.14(B) and (C) and 2929.19(B)(2) are without meaning as "judicial findings are unconstitutional." Id. at ¶ 97.
 {¶ 36} After the severance of the applicable statutes, the trial court is entrusted with full discretion in meting out sentences. Pursuant to Foster, appellant's sentence is void and must be vacated and remanded for re-sentencing. Id. at ¶ 103-104. Upon remand, the trial court is no longer required to make findings or give its reasons for imposing the maximum sentence or more-than-the-minimum sentence. Id. at paragraph seven of the syllabus. "Courts shall consider those portions of the sentencing code that are unaffected by today's decision and impose any sentence within the appropriate felony range." Id. at ¶ 105. The discretion is left to the trial court. "While the defendants may argue for reductions in their sentences, nothing prevents the state from seeking greater penalties." Id. at ¶ 105.
 {¶ 37} Appellant's second assignment of error is well taken.
 {¶ 38} In light of Foster, the judgment of the Lake County Court of Common Pleas is reversed in part. This case is remanded for proceedings to resentence consistent with this opinion pursuant to Foster.
Ford, P.J., Grendell, J., concur.