OPINION
{¶ 1} Appellant, Merwin S. Irons, appeals the sentence of the Lake County Court of Common Pleas on his guilty plea to three counts of rape. At issue is whether appellant's resentence following this court's remand pursuant to State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, is unconstitutional. For the reasons that follow, we affirm.
 {¶ 2} Appellant, when he was 63 to 67 years old and confined to a wheelchair, repeatedly raped three young girls. The girls were, respectively, three, five, and seven years old when appellant began to sexually abuse them. During the time of these *Page 2 
offenses, appellant provided day care for the children. Appellant digitally penetrated the vagina and anus and performed cunnilingus on at least two of the victims. He caused one of the girls to bleed as a result of digital penetration. One of the victims reported that the incident was painful and caused her to hurt. The victims reported that they had tried to physically resist appellant, but that he was too strong and forced them to submit. Appellant raped these girls over a period of several years, and instructed them to keep the abuse secret.
 {¶ 3} On September 22, 2005, appellant pleaded guilty to three counts of rape, felonies of the first degree, in violation of R.C.2907.02(A)(1)(b). On October 20, 2005, the trial court sentenced him to eight years in prison on each offense with the sentences on counts two and three to run concurrent to each another and consecutive to the sentence on count one for a total term of imprisonment of 16 years. Following a sexual predator hearing, the trial court also classified appellant as a sexual predator.
 {¶ 4} Appellant appealed both the sentence and the sexual predator classification in State v. Irons, 11th Dist. No. 2005-L-192,2006-Ohio-5168. This court affirmed appellant's sexual predator classification, but, pursuant to the Ohio Supreme Court's decision inFoster, vacated appellant's sentence and remanded the case for resentencing consistent with Foster.
 {¶ 5} At the resentencing hearing on January 8, 2007, the trial court imposed the identical sentence. This appeal follows. Appellant asserts five assignments of error, as follows:
 {¶ 6} "[1] THE TRIAL COURT ERRED WHEN IT SENTENCED THE DEFENDANT-APPELLANT TO A MORE-THAN-THE-MINIMUM, CONSECUTIVE *Page 3 
PRISON TERM IN VIOLATION OF THE DUE PROCESS AND EX POST FACTO CLAUSES OF THE OHIO AND UNITED STATES CONSTITUTIONS.
 {¶ 7} "[2] THE TRIAL COURT ERRED WHEN IT SENTENCED THE DEFENDANT-APPELLANT TO A MORE-THAN-THE-MINIMUM, CONSECUTIVE PRISON TERM IN VIOLATION OF DEFENDANT-APPELLANT'S RIGHT TO DUE PROCESS.
 {¶ 8} "[3.] THE TRIAL COURT ERRED WHEN IT SENTENCED THE DEFENDANT-APPELLANT TO A MORE-THAN-THE-MINIMUM, CONSECUTIVE PRISON TERM BASED ON THE OHIO SUPREME COURT'S SEVERANCE OF THE OFFENDING PROVISIONS UNDER FOSTER, WHICH WAS AN ACT IN VIOLATION OF THE PRINCIPLE OF SEPARATION OF POWERS.
 {¶ 9} "[4] THE TRIAL COURT ERRED WHEN IT SENTENCED THE DEFENDANT-APPELLANT TO A MORE-THAN-THE-MINIMUM, CONSECUTIVE PRISON TERM CONTRARY TO THE RULE OF LENITY.
 {¶ 10} "[5.] THE TRIAL COURT ERRED WHEN IT SENTENCED THE DEFENDANT-APPELLANT TO A MORE-THAN-THE-MINIMUM, CONSECUTIVE PRISON TERM CONTRARY TO THE INTENT OF THE OHIO LEGISLATORS."
 {¶ 11} The arguments asserted by appellant in these assignments of error are interrelated and will therefore be considered together. They are identical to those arguments raised and rejected in numerous prior decisions of this court. See State v. Green, 11th Dist. Nos. 2005-A-0069 and 2005-A-0070, 2006-Ohio-6695; State v. Elswick, 11th Dist. No. 2006-L-075, 2006-Ohio-7011, discretionary appeal not allowed byState v. Elswick, 113 Ohio St.3d 1513, 2007-Ohio-2208; State v.Asbury, 11th Dist. *Page 4 
No. 2006-L-097, 2007-Ohio-1073, at ¶ 13; State v. Anderson, 11th Dist. No. 2006-L-142, 2007-Ohio-1062, at ¶ 13; State v. Spicuzza, 11th Dist. No. 2006-L-141, 2007-Ohio-783, at ¶ 13-35.
 {¶ 12} These same arguments have also been consistently rejected by other Ohio appellate districts and federal courts. See State v.Gibson, 10th Dist. No. 06AP-509, 2006-Ohio-6899; State v. Moore, 3d Dist. No. 1-06-51, 2006-Ohio-6860; United States v.Portillo-Quezada (C.A. 10, 2006), 469 F.3d 1345, 1354-1356, and the cases cited therein.
 {¶ 13} Finally, these arguments have essentially been rejected by the Ohio Supreme Court as a result of the Court's refusal to exercise jurisdiction in Elswick, supra.
 {¶ 14} For the reasons stated in the Opinion of this court, the assignments of error are without merit, and it is the judgment and order of this court that the judgment of the Lake County Court of Common Pleas is affirmed.
 DIANE V. GRENDELL, P.J., MARY JANE TRAPP, J., concur. *Page 1