OPINION
{¶ 1} Defendant-appellant, Dale L. Green, Jr., appeals the Judgment Entry of Sentence of the Ashtabula County Court of Common Pleas and the court's denial of his Motion to Withdraw Plea. For the following reasons, we affirm the denial of the Motion to Withdraw Plea, but reverse the Judgment Entry of Sentence and remand this case for re-sentencing in accordance with State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856.
 {¶ 2} On March 8, 2001, Green was indicted by the Ashtabula County Grand Jury on one count of Aggravated Burglary, a felony of the first degree in violation of R.C. 2911.11(A)(1), and one count of Theft, a felony of the fifth degree in violation of R.C. 2913.02(A)(1). The facts underlying these charges are set forth in State v. Green, 11th Dist. No. 2003-A-0089, 2005-Ohio-3268, at ¶¶ 2-8. Green was arrested and the trial court set bond in the amount of $25,000, "personal recognizance." On March 14, 2001, Green signed a "personal recognizance" which provided as follows: "Be it remembered, that on March 14, 2001[,] Dale Lee Green Jr. * * * personally appeared before me, and * * * acknowledged * * * to owe the State of Ohio, the sum of $25,000.00 * * * to be levied on [his] goods and chattels, lands and tenements, if default be made in the condition following to-wit: The condition of this recognizance is such that if the above bound defendant Dale Lee Green Jr. personally be and appear before the Court of Common Pleas March 14, 2001 and from day to day thereafter * * * until there has been a final disposition of this case." If Green fulfilled the condition, "then this recognizance shall be void; otherwise it shall be and remain in full force and virtue in law."
 {¶ 3} Green failed to appear before the court as required. Green was subsequently arrested and, on April 25, 2003, indicted for Failure to Appear, a felony of the fourth degree in violation of R.C. 2937.99.
 {¶ 4} On May 5, 2003, Green entered pleas of guilty to Aggravated Burglary and Failure to Appear. On June 23, 2003, the trial court imposed a ten-year prison term, the maximum prison term for a first degree felony pursuant to R.C. 2929.14(A)(1), for the Aggravated Burglary charge. The court imposed an eighteen-month prison term, the maximum prison term for a fourth degree felony pursuant to R.C.2929.14(A)(4), for the Failure to Appear charge. The court ordered both sentences to be served consecutively.
 {¶ 5} Green appealed the sentence imposed, but did not challenge the plea entered on either charge. On June 24, 2005, this court reversed Green's sentence and remanded the case for resentencing. Green,2005-Ohio-3268, at ¶ 30.
 {¶ 6} On August 23, 2005, Green filed a Motion to Withdraw Sentence relative to the charge of Failure to Appear. On August 30, 2005, the trial court again imposed a consecutive prison terms of ten years and eighteen months. Green timely appeals and raises the following assignments of error:
 {¶ 7} "[1.] The trial court erred when it denied defendant's motion to vacate his plea and proceed to convict and sentence him for failure to appear.
 {¶ 8} "[2.] The trial court erred and violated defendant's rights protected by the Sixth and Fourteenth Amendments of the United States Constitution when it sentenced defendant-appellant based on alleged facts that were not admitted or proved beyond a reasonable doubt before a jury.
 {¶ 9} "[3.] The trial court erred when it sentenced defendant-appellant, a first-time offender, to a maximum sentence to be served consecutive to a sentence on the additional charge of Failure to Appear."
 {¶ 10} In his first assignment of error, Green claims that the trial court erred in denying his motion to vacate his guilty plea for Failure to Appear. Green alleges that he could not have been convicted for Failure to Appear, even accepting the State's recitation of the facts to be true, because Green did not commit the acts constituting the crime of Failure to Appear. Cf. R.C. 2901.03(A) ("[n]o conduct constitutes a criminal offense against the state unless it is defined as an offense in the Revised Code").
 {¶ 11} Green's post-appeal motion to withdraw his guilty plea is barred by the doctrine of res judicata.
 {¶ 12} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." State v. Szefcyk, 77 Ohio St.3d 93, 1996-Ohio-337, at syllabus, citing State v. Perry (1967), 10 Ohio St.2d 175, at paragraph nine of the syllabus.
 {¶ 13} As stated above, Green challenged his sentence on direct appeal, but did not challenge the entry of his plea for Failure to Appear. Accordingly, Green is now barred from raising issues regarding that plea. State v. McDonald, 11th Dist. No. 2003-L-155, 2004-Ohio-6332, at ¶ 22 ("[r]es judicata bars claims raised in a Crim.R. 32.1 post-sentence motion to withdraw guilty plea that were raised or could have been raised in a prior proceeding").
 {¶ 14} The first assignment of error is without merit.
 {¶ 15} Under the second assignment of error, Green argues that the trial court erred by sentencing him based on factual findings not reflected in a jury verdict or admitted by him. Blakely v.Washington (2004), 542 U.S. 296, 303. According to Green, the court made improper findings of this nature when it sentenced him to greater than minimum sentences, to maximum sentences, and to consecutive sentences.
 {¶ 16} Subsequent to Green's resentencing, the Ohio Supreme Court decided State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, which declared unconstitutional those provisions of Ohio's felony sentencing statutes requiring "judicial factfinding" before imposing a more than minimum sentence, maximum sentence, or consecutive sentences. Id. at paragraphs one and three of the syllabus (declaring R.C. 2929.14(B), (C), and (E)(4) unconstitutional). The Foster court further held that these provisions of the sentencing law were severable. Id. at paragraphs two and four. "After the severance, judicial factfinding is not required before a prison term can be imposed within the basic ranges of R.C.2929.14(A) based upon a jury verdict or admission of the defendant" and "before imposition of consecutive prison terms." Id.
 {¶ 17} Therefore, after Foster, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at ¶ 100. In accordance with the Foster decision, we must vacate Green's sentence and remand this matter to the trial court for a new sentencing hearing. Id. at ¶ 103. At this hearing, Green "may stipulate to the sentencing court acting on the record before it," as well as argue for a reduction in his sentence. The State may argue that the penalty previously imposed be re-imposed. Id. at ¶ 105.
 {¶ 18} On May 1, 2006, this court granted Green leave "to file a supplemental brief raising additional issues" in light of theFoster decision. In his supplemental brief, Green raises several issues regarding the application of Foster to his sentence.
 {¶ 19} Green argues that the retroactive application ofFoster to his resentencing hearing violates the Ex Post Facto Clause, Article I, Section 10, of the United States Constitution. The clause prohibits the retroactive application of "every law that changes the punishment [for a crime], and inflicts a greater punishment, than the law annexed to the crime, when committed." Rogers v. Tennessee (2001),532 U.S. 451, 456, citing Calder v. Bull (1798), 3 U.S. 386, 389. Although "[t]he Ex Post Facto Clause, by its own terms, does not apply to the courts," id. at 460, "if a judicial construction of a criminal statute is `unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue,' [the construction] must not be given retroactive effect." Id. at 457, citing Bouie v.Columbia (1964), 378 U.S. 347, 354.
 {¶ 20} Green maintains the retroactive application of Foster violates the Ex Post Facto Clause because it deprives offenders of "the presumption of minimum, less than maximum and concurrent terms of imprisonment." Green relies on the United States Supreme Court's decision in Miller v. Florida (1987), 482 U.S. 423, which applied the Ex Post Facto Clause to bar the retroactive application of legislative amendments to Florida's felony sentencing guidelines. Id. at 433 (finding that the defendant was entitled to be sentenced within the presumptive range in effect at the time of conviction and that the revised guidelines, although not technically increasing the defendant's potential sentence, "foreclosed his ability to challenge the imposition of a sentence longer than his presumptive sentence under the old law").
 {¶ 21} The Ex Post Facto Clause does not bar the remand of Green's case for resentencing. The Ohio Supreme Court, in Foster, expressly held that the "normal course" to be followed when a statute is deemed void is "is to vacate that sentence and remand to the trial court for a new sentencing hearing." 2006-Ohio-856, at ¶ 103. Moreover, the Ohio Supreme Court mandated that this remedy applied to "those [cases] pending on direct review." Id. at ¶ 104. We are bound to following the holding of the Ohio Supreme Court, just as federal courts have been bound to follow the instructions of the United States Supreme Court to apply the holding in United States v. Booker (2005), 543 U.S. 220, retroactively. SeeUnited States v. Pennavaria (C.A.3, 2006), 445 F.3d 720, 723 ("the Supreme Court in Booker clearly instructed that * * * its holdings should be applied to all cases on direct review"); United States v.Anderson (C.A.6, 2006), No. 05-5569/05-5697, 2006 U.S. App. LEXIS 16608, at *7-*9 (citations omitted).
 {¶ 22} Additionally, we find that Miller is distinguishable from the present situation involving Foster. The revisions to the sentencing guidelines at issue in Miller were put into effect by the action of the Florida Legislature. As noted above, the Ex Post Facto Clause typically applies to laws, not the judicial construction of laws. In order for the clause to apply to a judicial construction, that construction must be "unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue." Rogers, 532 U.S. at 457
(citation omitted). The Ohio Supreme Court's decision in Foster was neither unexpected nor indefensible by reference to prior law concerning the application of the Sixth Amendment to sentencing enhancements. Senate Bill 2 only became the law of Ohio in 1996 and the Ohio Supreme Court had not previously addressed the issue of its constitutionality relative to the Sixth Amendment. The United States Supreme Court began addressing this issue in Almendarez-Torres v. United States (1998),523 U.S. 224, and Ohio law has always mandated that sentencing enhancements, such as the gun specification, must be proven beyond a reasonable doubt before a jury. Cf. R.C. 2929.14(D)(1)(a). Therefore, under the more lenient standard prescribed for the judicial construction of statutes, the retroactive application of Foster does not violate the Ex Post Facto Clause. See, also State v. Smith, 2nd Dist. No. 21004, 2006-Ohio-4405, ¶¶ 32-34 (holding that the Ex Post Facto Clause does not bar the retroactive application of Foster on different grounds).
 {¶ 23} Finally, we note that Green urges the application of the Ex Post Facto Clause for the purpose of being sentenced under a law declared unconstitutional. In effect, Green seeks to have this court remand his case with instructions for the trial court to violate the Constitution in resentencing him. Such a result contradicts the general rule that, when a supreme court strikes down a law as unconstitutional, "the effect is not that the former was bad law, but that it never was the law." Peerless Elec. Co. v. Bowers (1955), 164 Ohio St. 209, 210.
 {¶ 24} Green also argues in his supplemental brief that the retroactive application of Foster violates the principle of "lenity" in the construction of criminal statutes as codified at R.C.2901.04(A) ("sections of the Revised Code defining * * * penalties shall be strictly construed against the state, and liberally construed in favor of the accused"). We disagree. The principle of lenity applies to the construction of ambiguous statutes, not to determinations of a statute's constitutionality or to the law regarding the retroactive effect of Supreme Court decisions. United States v. Johnson (2000), 529 U.S. 53,59 ("[a]bsent ambiguity, the rule of lenity is not applicable to guide statutory interpretation").
 {¶ 25} Green lastly argues that the retroactive application ofFoster invalidates the guilty pleas he entered to the charges of Aggravated Burglary and Failure to Appear. Green maintains that his pleas were predicated upon trial counsel's advice regarding "the presumption in favor of minimum, non-maximum and concurrent sentences, and his right to appeal any sentence imposed based on the trial court's failure to make specific findings supported by the record before it."
 {¶ 26} We disagree. The Ohio Supreme Court has stated that, "when a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." State v. Engle,74 Ohio St.3d 525, 527, 1996-Ohio-179 (citations omitted). Regarding a defendant's knowledge of the potential penalties for entering a plea, the trial court is only required to determine that the defendant understands "the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions." Crim.R. 11(C)(2)(a). There is no requirement that a defendant be apprised about the possibility of consecutive sentences. State v. Johnson (1988), 40 Ohio St.3d 130, at syllabus.
 {¶ 27} In the present case, Green acknowledged, in signed plea agreements, that he could receive prison terms of between three and ten years and between six and eighteen months for Aggravated Burglary and Failure to Appear respectively. The plea agreements are silent in respect to statutory presumptions of a particular sentence. Accordingly, the trial court satisfied the requirements of Criminal Rule 11.
 {¶ 28} The United States Supreme Court has held that "a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise." Brady v. United States
(1970), 397 U.S. 742, 757. Accordingly, federal courts have rejected the argument, similar to Green's argument, that the Booker decision which the Federal Sentencing Guidelines were merely advisory renders a guilty plea invalid. See, e.g., United States v. Bradley (C.A.6, 2005),400 F.3d 459, 463 ("[a] valid plea agreement, after all, requires knowledge of existing rights, not clairvoyance"); United States v.Lockett (C.A.3, 2005), 406 F.3d 207, 213 ("subsequent changes in the law * * * do not render the plea * * * invalid"); United States v. Reeves
(C.A.8, 2005), 410 F.3d 1031, 1035 ("Booker does not render [defendant's] plea involuntary or unintelligent"); United States v.Sahlin (C.A.1, 2005), 399 F.3d 27, 31 (argument that "Booker renders [a] plea involuntary" is "frivolous").
 {¶ 29} For the foregoing reasons, we reject Green's arguments that the retroactive application of Foster is unconstitutional, violates the principles of lenity, and renders his guilty pleas invalid. In other respects, Green's second assignment of error is with merit and this case is remanded for resentencing in accordance with Foster.
 {¶ 30} Under his third and final assignment of error, Green sets two arguments why the sentence imposed, i.e., maximum and consecutive sentences, is contrary to law. Green urges this court to reduce the sentence imposed rather than remand this case for resentencing.
 {¶ 31} Green's first argument is that the trial court failed to adequately address the mitigating factors relevant to Green's case.
 {¶ 32} The overriding purposes of felony sentencing in Ohio "are to protect the public from future crime by the offender * * * and to punish the offender." R.C. 2929.11(A). A sentencing court "has discretion to determine the most effective way to comply with the purposes and principles of sentencing." R.C. 2929.12(A). "In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct and the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing." R.C. 2929.12(A).
 {¶ 33} It is well-established that R.C. 2929.12(A) does not require a sentencing court to make specific findings regarding the seriousness and recidivism factors. Ohio's felony sentencing law only requires the trial court to "consider" the mitigating circumstances in the exercise of its discretion. State v. Glenn, 11th Dist. No. 2003-L-022, 2004-Ohio-2917, at ¶ 47 ("[a] trial court is only required to consider mitigating factors"). Thus, in Foster, the Ohio Supreme Court characterized the mandate of R.C. 2929.12(A) as a "general judicial guide for every sentencing * * * grant[ing] the sentencing judge discretion `to determine the most effective way to comply with the purposes and principles of sentencing.'" 2006-Ohio-856, at ¶¶ 36-37. "It is important to note that there is no mandate for judicial factfinding in the general guidance statutes. The court is merely to `consider' the statutory factors." Id. at ¶ 42.
 {¶ 34} In the present case, the trial court stated that it "considered the record, oral statements, any victim impact statement, the presentence report, the purposes and principles of sentencing under RC2929.11, the seriousness and recidivism factors relevant to the offense and offender pursuant to RC 2929.12, and the need for deterrence, incapacitation, rehabilitation, and restitution." This is sufficient to comply with R.C. 2929.12(A). State v. Mosier, 11th Dist. No. 2005-P-0100, 2006-Ohio-4187, at ¶ 12. See State v. Arnett,88 Ohio St.3d 208, 215, 2000-Ohio-302 ("[t]he Code does not specify that the sentencing judge must * * * make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors").
 {¶ 35} Green's second argument under the third assignment of error is that his sentence is inconsistent with and disproportionate to the sentences of similarly situated offenders. "A sentence imposed for a felony shall be * * * consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B). Although "a trial court is required to engage in the analysis set forth by R.C. 2929.11(B) to ensure the consistency of sentences," a court is not required "to make specific findings on the record" in this regard." State v.Newman, 11th Dist. No. 2002-A-0007, 2003-Ohio-2916, at ¶ 10. InFoster, the Ohio Supreme Court characterized R.C. 2929.11(B), like R.C.2929.12(A), as a "general guidance statute," under which "there is no mandate for judicial factfinding." 2006-Ohio-856, at ¶ 36, ¶ 42.
 {¶ 36} Green cites to several cases where offenders received lesser sentences than his for "similar or worse cases." State v. Edwards, 11th Dist. No. 2001-L-005, 2002-Ohio-3359, at ¶ 14 (six years for Aggravated Robbery and Aggravated Burglary with a Gun Specification); State v.Hazel, 5th Dist. No. 2002 CA 00355, 2003-Ohio-3930, at ¶ 2 (three years community control for second degree Aggravated Burglary); State v.Cromer (March 17, 2000), 6th Dist. Nos. L-98-1289 and L-98-1290, 2000 Ohio App. LEXIS 1042, at *6 (nine years for two counts of Impersonating a Peace Officer, Burglary, Theft, and Attempted Grand Theft); State v.Hart, 12th Dist. No. CA2003-08-195, 2004-Ohio-4525, at ¶ 2 (five years for third degree Burglary, to be served consecutively with an unrelated and unspecified drug trafficking sentence).
 {¶ 37} Similarly, the prosecution cites to several cases where offenders have received the maximum sentence for Aggravated Burglary.State v. Allen, 11th Dist. No. 2004-L-038, 2005-Ohio-1415, at ¶ 4, reversed on other grounds by In re Ohio Criminal Sentencing StatutesCases, 109 Ohio St.3d 313, 2006-Ohio-2109, at ¶ 53; State v.Viers, 7th Dist. No. 01 JE 19, 2003-Ohio-3483, at ¶ 5; State v.Dillon, 4th Dist. No. 01CA54, 2002-Ohio-4990, at ¶ 8; State v.Lovely, 4th Dist. No. 00CA2721, 2001-Ohio-2440, 2001 Ohio App. LEXIS 1521, at *6. Thus, there is nothing unprecedented about Green's sentence.
 {¶ 38} In sentencing Green, the trial court emphasized the following considerations: the victim was seventy-six years old; Green and his accomplices broke into the victim's home at night while she was sleeping; the victim was severely beaten after she woke up; the motive for the crime was to obtain money for drugs and alcohol; Green absconded from the State of Ohio after being indicted and remained at large for twenty months; Green has a lengthy juvenile record and was on juvenile parole at the time of the offense. Allen, Viers, Dillon, andLovely were all cases in which the victims suffered serious physical harm (Aggravated Burglary does not require the actual infliction of physical harm), as did the victim in the present case. Green's sentence is proportional to these similarly situated offenders.
 {¶ 39} Green argues that the attack on the victim was the unexpected conduct of his accomplices and should not be attributed to him. By pleading guilty to Aggravated Burglary, however, Green has admitted his culpability for the harm suffered by the victim. Cf. State v.Whittenberger (December 3, 1999), 11th Dist. No. 98-P-0047, 1999 Ohio App. LEXIS 5770, at *8-*9 (imposing a ten-year sentence for Complicity to Aggravated Burglary where the offender waited in the car while the accomplices attacked the victims).
 {¶ 40} The third assignment of error is without merit.
 {¶ 41} For the reasons set forth in Green's second assignment of error, we reverse the Judgment Entry of Sentence of the Lake County Court of Common Pleas and remand for proceedings in light of the "remedial severance and interpretation of Ohio's felony sentencing statutes," as explained in Foster. 2006-Ohio-856, at ¶ 107.
WILLIAM M. O'NEILL, J., CYNTHIA WESTCOTT RICE, J., concur.