DECISION
{¶ 1} Defendant-appellant, Lance Lochett,[1] appeals the sentence imposed after this court remanded his case for resentencing[2]
pursuant to State v. Foster.[3] We affirm the trial court's judgment.
 {¶ 2} Lochett was indicted for murder and two counts of felonious assault that had occurred on or about March 8, 2004. Those charges stemmed from an altercation in which Lochett had hit Robert Lockhart with a skillet and had kicked and stomped on him. Lockhart died as a result of his injuries. Lockett had also hit his mother with the skillet.
 {¶ 3} On October 28, 2004, pursuant to a plea agreement, Lochett pleaded guilty to and was convicted of voluntary manslaughter, a first-degree felony.[4] He was sentenced on December 6, 2004, to ten years' incarceration. He appealed, and on March 29, 2006, we remanded his case for resentencing. He received the same ten-year sentence on May 4, 2006.
 Assignments of Error {¶ 4} Lochett raises two assignments of error. In the first, Lochett claims that it was error to sentence him based on Foster, since the retroactive application of Foster violates "ex post facto laws and due process protections." In the second assignment of error, Lochett claims that his pre-Foster guilty plea became invalid because it was not "voluntary and knowing," once he was subject to resentencing underFoster.
 Background {¶ 5} In Foster, decided February 27, 2006, the Ohio Supreme Court held certain portions of Ohio's felony sentencing statutes unconstitutional. They included R.C. 2929.14(B), requiring the minimum prison term for an offense unless certain judicial findings were made,[5] and R.C. 2929.14(C), permitting the maximum prison term for an offense only in certain judicially determined situations.[6]
 {¶ 6} The court "severed and excised" those provisions from Ohio's sentencing scheme.[7] As a result, "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum * * * or more than the minimum sentences."[8]Foster additionally directed that cases "on direct review" in which sentences were in violation of Foster "must be remanded to trial courts for new sentencing hearings not inconsistent with" the supreme court's opinion.[9]
 {¶ 7} This court is bound to follow the decision of the Ohio Supreme Court in Foster.[10] We "cannot overrule or modifyFoster."[11] We do not have jurisdiction to declare Foster
unconstitutional.[12]
 {¶ 8} Lochett's May 4, 2006, sentence of ten years' incarceration complied with Foster. Voluntary manslaughter is a first-degree felony.[13] The statutory range of imprisonment for a first-degree felony is three to ten years.[14] At resentencing, the trial court was permitted to increase or decrease Lochett's original sentence within the appropriate felony range[15] The court was not required to make findings or to give reasons for imposing the maximum sentence.[16]
 Ex Post Facto and Due Process Issues {¶ 9} Moreover, the application of Foster to this case does not violate ex post facto and due process concepts. The Ex Post Facto Clause is a limitation on legislative powers.[17] It does not apply to the "Judicial Branch of government,"[18] "courts,"[19] or "judicial decisionmaking."[20] Retroactive judicial decision-making is limited by the due process concept of fair warning, not by the Ex Post Facto Clause.[21] With respect to judicial decisions, fair warning is violated when the judicial interpretation is "unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue."[22]
 {¶ 10} Lochett had fair warning of the Foster decision. AsFoster points out, Apprendi v. New Jersey[23] and Ring v.Arizona[24] were the beginnings of the United States Supreme Court's decisions declaring judicial fact-finding in the sentencing context unconstitutional.[25] Lochett committed voluntary manslaughter on or about November 15, 2003. Apprendi was decided June 26, 2000, andRing was decided June 24, 2002, both well before Lochett's offense.
 {¶ 11} Foster examined Ohio's felony sentencing structure in light[26] of Apprendi and Blakely v. Washington.[27] Blakely was decided June 24, 2004. Foster then applied a severance remedy[28]
based on United States v. Booker, decided January 12, 2005.[29]Foster was not "unexpected and indefensible by reference to the law which had been expressed prior"[30] to Lochett's offense.[31]
 {¶ 12} The application of Foster to Lochett's sentencing does not violate due process for another reason. Foster did not change the elements of voluntary manslaughter. Nor did it change the potential punishment of three to ten years' incarceration for the offense.[32]
Lochett was aware that his sentence within this range would depend on statutory considerations by the trial court.[33] These considerations have not changed.[34] As a result, Lochett was aware of the possible punishment he faced when he committed the offense and his due process rights were not violated.[35]
 {¶ 13} While it is not specifically discussed in his brief, Lochett raises in the "Issue Presented for Review and Argument" under his first assignment of error that retroactive application of Foster also violates ex post facto and due process concepts under Ohio's constitution. Section 28, Article II of the Ohio Constitution "prohibits the General Assembly from passing retroactive laws and protects vested rights from new legislative encroachments."[36] The Third Appellate District has aptly addressed the issue whether resentencing under Foster violates this section and has concluded that it does not.[37] We agree with that court's analysis. Consequently, we overrule Lochett's first assignment of error.
 Voluntary and Knowing Plea {¶ 14} Lochett claims in his second assignment of error that his pre-Foster guilty plea was not "voluntary and knowing," once he was subject to resentencing under Foster. We do not agree.
 {¶ 15} Initially, we point out that Lochett is not arguing that his guilty plea, when made, was not "knowingly, intelligently, and voluntarily" entered as required by law.[38] The transcript reflects that when Lochett pleaded guilty on October 28, 2004, the trial court personally addressed him and strictly complied with Crim.R. 11(C)(2) prior to accepting his guilty plea and finding him guilty. Lochett is arguing that the later change in the sentencing laws by Foster rendered his guilty plea invalid.
 {¶ 16} The Eleventh Appellate District has considered and rejected this argument.[39] The court pointed to language from Brady v. UnitedStates[40] stating that "a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise. "[41] The Eleventh Appellate District also pointed out that "federal courts have rejected the argument * * * that theBooker decision which [held] the Federal Sentencing Guidelines were merely advisory renders a guilty plea invalid. "[42]
 {¶ 17} We additionally analyze Lochett's case from the standpoint of whether he established prejudice as a result of his resentencing. In accepting a plea, the trial court must comply with the Crim.R. 11(C) provisions relating to the constitutional rights a defendant waives by entering a plea[43] and substantially comply with respect to the other Crim.R. 11(C) notifications.[44] The trial court strictly complied in Lochett's case with the Crim.R. 11(C) provisions relating to his constitutional rights.
 {¶ 18} Once there is compliance with the Crim.R. 11(C) provisions relating to constitutional rights, "a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect."[45] Lochett has not shown a prejudicial effect. "The test is whether the plea would have otherwise been made."[46] Expressed another way, would the defendant "have acted differently"?[47]
 {¶ 19} Lochett, himself, is uncertain on this point. He states in his brief, "Although the Court can only speculate about the effect of [his attorneys' pre-Foster advice on Ohio's sentencing law] on Lochett's ultimate decision to enter a plea, he should be given the opportunity to reconsider his options in light of the change in law brought forth byFoster." (Emphasis in original.)
 {¶ 20} Despite Lochett's uncertainty, we are not persuaded that he has suffered any prejudice. Lochett received the same sentence before and after Foster. At Lochett's first sentencing, the court was required to comply with R.C. 2929.14(B) and 2929.14(C) before they were modified byFoster. As we stated in Lochett's first appeal, "[i]n sentencing Lochett, the trial court rejected the minimum term of incarceration after finding under R.C. 2929.14(B) that the imposition of the shortest term would have demeaned the seriousness of the offense and would not have adequately protected the public. The trial court imposed the maximum term after finding under R.C. 2929.14(C) that Lochett had committed the worst form of the offense, and that he posed the greatest likelihood of recidivism."
 {¶ 21} It should have been no surprise to Lochett that he received the same sentence after Foster. Although R.C. 2929.14(B) and 2929.14(C) had been "severed and excised,"[48] Lochett knew that the sentencing court had made the findings required by those sections at his first sentencing. He also knew that the potential punishment of three to ten years' incarceration for voluntary manslaughter had not changed[49]
and that the sentencing considerations the trial court was required to consider[50] also had not changed.[51] Further, he was aware that his original charges were far more serious and carried much longer potential sentences than the charge to which he pleaded guilty. Lochett has not established, and we do not believe, he would have made a different plea or "acted differently" as a result of Foster.
 {¶ 22} We overrule Lochett's second assignment of error and affirm the trial court's judgment.
PAINTER, P.J., and HILDEBRANDT, J., concur.
[1] The record also shows Lochett's name as "Lockett." We use the spelling in the notice of appeal.
[2] State v. Lochett (Mar. 29, 2006), 1st Dist. No. C-040841.
[3] 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.
[4] R.C. 2903.03(B).
[5] Foster, supra, at paragraph one of the syllabus, and ¶ 61 and 83.
[6] Id. at paragraph one of the syllabus, and ¶ 64 and 83.
[7] Id. at ¶ 97.
[8] Id. at paragraph seven of the syllabus, and ¶ 100.
[9]Id. at ¶ 104.
[10] State v. Green, 11th Dist. Nos. 2005-A-0069 and 2005-A-0070,2006-Ohio-6695, ¶ 21; State v. Alexander, 10th Dist. No. 06AP-501,2006-Ohio-6375; State v. Grimes, 4th Dist. No. 06CA17, 2006-Ohio-6360, ¶ 8; State v. Doyle, 12th Dist. No. CA2005-11-020, 2006-Ohio-5373, ¶ 47; State v. Smith, 2nd Dist. No. 21004, 2006-Ohio-4405, ¶ 31;State v. Newman, 9th Dist. No. 23038, 2006-Ohio-4082, ¶ 11.
[11] Newman, supra, at ¶ 11.
[12] State v. Durbin, 2nd Dist. No. 2005-CA-134, 2006-Ohio-5125, ¶ 42.
[13] R.C. 2903.03(B).
[14] R.C. 2929.14(A)(1).
[15] See Foster, supra, at H105.
[16] Id. at paragraph seven of the syllabus, and ¶ 100.
[17] Rogers v. Tennessee (2001), 532 U.S. 451, 456,121 S.Ct. 1693.
[18] Id.
[19] Id. at 460.
[20] Id. at 462.
[21] Id. at 459.
[22] Id. at 461 and 462, quoting Bouie v. Columbia (1964), 378 U.S. 347,354, 84 S.Ct. 1697.
[23] (2000), 530 U.S. 466,120 S.Ct. 2348.
[24] (2002), 536 U.S. 584,122 S.Ct. 2428.
[25] Foster, supra, at H3-4.
[26] Foster, supra, at Hi.
[27] (2004), 542 U.S. 296,124 S.Ct. 2531.
[28] Foster, supra, at paragraphs two, four, and six of the syllabus, and Hi and 92-102.
[29] (2005), 543 U.S. 220,125 S.Ct. 738.
[30] Rogers, supra, at 461-462, quoting Bouie, supra, at 354.
[31] See Green, supra, at ¶ 22; State v. Schweitzer, 3rd Dist. No. 2-06-25, 2006-Ohio-6087, H13; State v. McGhee, 3rd Dist. No. 17-06-05,2006-Ohio-5162, ¶ 17.
[32] R.C. 2929.14(A)(1).
[33] See, e.g., R.C. 2929.11; R.C. 2929.12; R.C. 2929.13;Foster, supra, H36-43.
[34] See Foster, supra, at ¶ 98 and 105; State v. Mathis,109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38 (after Foster, court must consider R.C. 2929.11 and 2929.12 at sentencing).
[35] State v. Gibson, 10th Dist. No. 06AP-509, 2006-Ohio-6899, ¶ 18;Grimes, supra, at ¶ 10; Doyle, supra, at ¶ 50; State v. Paynter, 5th Dist. No. CT2006-0034, 2006-Ohio-5542, ¶ 40; McGhee, supra, at ¶ 16. See, also, Smith, supra, at H32-34 (same analysis, but concludes"Foster does not violate the ex post facto clause").
[36] McGhee, supra, at ¶ 12.
[37] id. at ¶ 21-26.
[38] State v. Engle, 74 Ohio St.3d 525, 527, 1996-Ohio-179,660 N.E.2d 450; Crim.R. 11(C).
[39] Green, supra, at ¶ ¶ 25-29.
[40] (1970), 397 U.S. 742, 90 S.Ct. 1463.
[41] Green, supra, at ¶ 28, quoting Brady, supra, at 757.
[42] Id. at ¶ 28.
[43] State v. Ballard (1981), 66 Ohio St.2d 473, 478,423 N.E.2d 115.
[44] State v. Simmons, 1st Dist. No. C-050817, 2006-Ohio-5760, at ¶ 11; see Ballard, supra, at 475.
[45] See Simmons, supra, at ¶ 12.
[46] State v. Nero (1990), 56 Ohio St.3d 106,108, 564 N.E.2d 474.
[47] Kelleher v. Henderson (C.A.2, 1976), 531 F.2d 78, 82.
[48] Foster, supra, at ¶ 97.
[49] R.c. 2929.14(A)(1).
[50] See, e.g., R.C. 2929.11; R.C. 2929.12; R.C. 2929.13;Foster, supra, H36-43.
[51] See Foster, supra, at ¶ 98 and 105; Mathis, supra, at ¶ 38 (afterFoster, court must consider R.C. 2929.11 and 2929.12 at sentencing).