OPINION
{¶ 1} In the instant appeal, submitted on the record and the briefs of the parties, defendant-appellant, William R. Spicuzza, appeals his judgment of sentence in the Lake County Court of Common Pleas, sentencing him to seven years in prison for Attempted Rape, and four years in prison for Sexual Battery, to be served concurrently. We affirm the judgment of the lower court.
 {¶ 2} On January 20, 2005, Spicuzza was charged by way of information with one count of Attempted Rape (Count One), a felony of the second degree, in violation of *Page 2 
R.C. 2907.02(A)(2) and R.C. 2923.02 and one count of Sexual Battery, a felony of the second degree, in violation of R.C. 2907.03(A)(5), arising from an inappropriate sexual relationship between Spicuzza and his 14-year-old step-daughter.
 {¶ 3} On February 8, 2006, Spicuzza entered a voluntary plea of guilty to both charges, which was accepted by the trial court.
 {¶ 4} On February 27, 2006, the Ohio Supreme Court decided State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, which declared unconstitutional those provisions of Ohio's felony sentencing statutes requiring "judicial factfinding" prior to imposing a more than minimum sentence, maximum sentence, or consecutive sentences. Id. at paragraphs one and three of the syllabus.
 {¶ 5} On April 13, 2005, the matter proceeded to sentencing. Spicuzza was sentenced to seven years for Rape and four years for Sexual Battery, to be served concurrently, resulting in an aggregate prison term of seven years, and was adjudicated a Sexual Predator, pursuant to R.C.2950.09.
 {¶ 6} Spicuzza timely appealed his sentence to this court. We reversed the trial court's judgment entry of sentence and remanded for resentencing, based upon the Supreme Court of Ohio's decision inFoster, but upheld the trial court's sexual predator determination. SeeState v. Spicuzza, 11th Dist. No. 2005-L-078, 2006-Ohio-2379.
 {¶ 7} On June 9, 2006, Spicuzza was resentenced pursuant to the Supreme Court's ruling in Foster. He now appeals, assigning the following as error.
 {¶ 8} "[1.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum prison terms in violation of the Due Process and Ex Post Facto clauses of the Ohio and United States Constitutions. *Page 3 
 {¶ 9} "[2.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum prison terms in violation of defendant-appellant's right to due process.
 {¶ 10} "[3.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum prison terms based on the Ohio Supreme Court's severance of the offending provisions underFoster, which was an act in violation of the principle of separation of powers.
 {¶ 11} "[4.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum prison terms contrary to the rule of lenity.
 {¶ 12} "[5.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum prison terms contrary to the intent of the Ohio Legislators."
 {¶ 13} In his first assignment of error, Spicuzza argues that the trial court's application of Foster to his sentencing violated the Ex Post Facto Clause, Article I, Section 10, of the United States Constitution, and Section 28, Article II of the Ohio Constitution. In his second assignment of error, Spicuzza argues that the trial court erred by sentencing him to more than the minimum prison term in violation of his right to due process since, he had neither actual nor constructive notice that the sentences ultimately imposed by the trial court were possible punishments for his crimes.
 {¶ 14} "[Limitations on ex post facto judicial decisionmaking are inherent in the notion of due process." Rogers v. Tennessee (2001),532 U.S. 451, 456. Accordingly, we will consider Spicuzza's first and second assignments in a consolidated fashion.
 {¶ 15} Article I, Section 10 of the United States Constitution provides that no state shall pass ex post facto laws. The clause prohibits, inter alia, "Every law that changes the punishment, and inflicts a greater punishment [for a crime], than the law *Page 4 
annexed to the crime, when committed." Id., citing Calder v. Bull
(1798), 3 U.S. 386, 389.
 {¶ 16} "Section 28, Article II of the Ohio Constitution prohibits the General Assembly from passing retroactive laws and protects vested rights from new legislative encroachments." (emphasis added). Smith v.Smith, 109 Ohio St.3d 285, 2006-Ohio-2419, at ¶ 6, quoting Vogel v.Wells (1991), 57 Ohio St.3d 91, 99. "The retroactivity clause nullifies those new laws that `reach back and create new burdens, new duties, new obligations, or new liabilities not existing at the time [the statute becomes effective].'" Bielat v. Bielat, 87 Ohio St.3d 350, 352-353,2000-Ohio-451, quoting Miller v. Hixson (1901), 64 Ohio St. 39, 51.
 {¶ 17} "The Ex Post Facto Clause, by its own terms, does not apply to the courts." Rogers, 532 U.S. at 460. However, "if a judicial construction of a criminal statute is `unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue,' [the construction] must not be given retroactive effect." Id. at 457, citing Bouie v. Columbia (1964), 378 U.S. 347, 354. Notions of due process guarantee notice and a hearing. State v. McGhee, 3rd Dist. No. 17-06-05, 2006-Ohio-5162, at ¶ 14. "Since the right to a sentencing hearing has not been implicated by Foster, we are concerned only with the issue of warning as to potential sentences." Id.
 {¶ 18} Spicuzza argues that since he had committed the offenses for which he was convicted prior to the Foster decision, and had not served a prior prison term, Foster's remedy of severing the statutory presumption of a minimum sentence unless judicial findings are made, unconstitutionally deprived him of the presumptive minimum *Page 5 
sentence of two years, since he did not have actual or constructive notice of the Foster remedy at the time the crimes were committed. We disagree.
 {¶ 19} As an initial matter, we note that the Ohio Supreme Court's severance remedy did not implicate a vested right. Id. at ¶ 24. It is well-settled that "a presumed sentence can be `taken away' without the defendant's consent." Id. (citations omitted) (emphasis sic).
 {¶ 20} This court recently addressed these issues in State v.Elswick, 11th Dist. No. 2006-L-075, 2006-Ohio-7011, and held that the Supreme Court's severance remedy in Foster did not violate "Section 28, Article II of the Ohio Constitution or Article I, Section 10 of the United States Constitution." Id. at ¶ 30. Elswick also held that sentencing pursuant to the Ohio Supreme Court's remedial ruling inFoster did not violate "federal notions of due process." Id. at ¶ 25. In so doing, we reasoned that "in Ohio, prior to Foster, individuals who decided to commit crimes were aware of what the potential sentences could be for the offenses committed." Id. at ¶ 23, citing R.C.2929.14(A). "There was no legislative alteration of Ohio's sentencing code post Foster" and "the range of sentences available for * * * felonies remained unchanged." Id. at ¶ 24. As applied to the instant matter, the statute governing sentencing for second degree felonies provided for a prison term ranging from two to eight years both before and afterFoster. See R.C. 2929.14(A)(2).
 {¶ 21} In the case sub judice, Spicuzza's indictment alleged that he had committed the offenses to which he pled guilty on February 14, 2005, and February 27, 2005, which was before Foster was decided, but afterApprendi v. New Jersey (2000), 530 U.S. 466, Blakely v. Washington
(2004), 542 U.S. 296, and United States v. Booker (2005), 543 U.S. 220
were decided by the United States Supreme Court. *Page 6 
 {¶ 22} "The Supreme Court in Foster * * * employed the same remedy used by the United States Supreme Court in Booker, in order to bring Ohio's sentencing scheme in line with constitutional mandates."Elswick, 2006-Ohio-7011, at ¶ 38. Accordingly, the judicial construction of Ohio's sentencing statutes in Foster could hardly be considered "unexpected nor indefensible by reference to prior law concerning the application of the Sixth Amendment to sentencing enhancements."State v. Green, 11th Dist. Nos. 2005-A-0069 and 2005-A-0070,2006-Ohio-6695, at ¶ 22.
 {¶ 23} Spicuzza "knew the potential statutory sentence, had notice that Ohio's sentencing statutes were subject to judicial scrutiny, and was unlikely to amend his criminal behavior in light of a sentencing change." Elswick, 2006-Ohio-7011, at ¶ 25.
 {¶ 24} There is yet another reason for rejecting Spicuzza's argument. The remedy he now seeks "urges the application of the Ex Post Facto Clause for the purpose of being sentenced under a law declared unconstitutional" by the Ohio Supreme Court. Green, 2006-Ohio-6695, at ¶ 23. In practical effect, Spicuzza would "have this court remand this case with instructions for the trial court to violate the Constitution in resentencing him. Such a result contradicts the general rule that, when a supreme court strikes down a law as unconstitutional, `the effect is not that the former was bad law, but that it never was thelaw.'" Id. citing Peerless Elec. Co. v. Bowers (1955), 164 Ohio St. 209,210. Thus, absent a subsequent ruling from the Ohio Supreme Court addressing these issues directly, we are unable to grant the relief sought. See State v. Gibson, 10th Dist. No. 06AP-509, 2006-Ohio-6899, at ¶ 15, citing State v. Hildreth, 9th Dist. No. 06CA8879, 2006-Ohio-5058, at ¶ 10 ("[I]nferior courts are bound by Supreme Court of Ohio directives."); State v. Durbin, 2nd Dist. No. 2005-CA-134,2006-Ohio-5125, at ¶ 42 ("As an Ohio court inferior to the Ohio Supreme Court, we *Page 7 
are required to follow its mandates; we lack the jurisdictional power to declare a mandate of the Ohio Supreme Court to be unconstitutional.").
 {¶ 25} For these reasons, Spicuzza's first and second assignments of error are without merit.
 {¶ 26} We next address Spicuzza's fifth and third assignments of error. These will be discussed in a consolidated fashion, since both argue, in effect, that the Foster decision impermissibly encroached upon legislative prerogatives.
 {¶ 27} In his third assignment of error, Spicuzza argues that the trial court erred in applying the Foster remedy, since the Supreme Court of Ohio's act of severing the offending provisions in Foster was a violation of the principle of separation of powers. In his fifth assignment of error, Spicuzza argues that the trial court's application of the Foster remedy was error, since the Supreme Court's decision failed to preserve the intent of the Ohio General Assembly when it enacted Senate Bill 2 ("S.B. 2") in 1996. We disagree.
 {¶ 28} "The principle of separation of powers is embedded in the constitutional framework of our state government." State v.Hochhausler, 76 Ohio St.3d 455, 463, 1996-Ohio-374. "The Ohio Constitution applies the principle in defining the nature and scope of powers designated to the three branches of the government." Id. (citations omitted). "It is inherent in our theory of government `"that each of the three * * * divisions of government, must be protected from the encroachments of the others, so far that its integrity and independence may be preserved."'" Id., quoting South Euclid v.Jemison (1986), 28 Ohio St.3d 157, 159, quoting Fairview v. Giffee
(1905), 73 Ohio ST. 183, 187. *Page 8 
 {¶ 29} "With respect to the intent of the legislature in enacting S.B. 2 in 1996, the Supreme Court stated: `[w]ith the enactment of S.B. 2, the General Assembly adopted a comprehensive sentencing structure that recognized the importance of "truth in sentencing." The general purpose of S.B. 2 was to introduce certainty and proportionality to felony sentencing.'" Elswick, 2006-Ohio-7011, at 51, quoting Foster,2006-Ohio-856, at ¶ 34.
 {¶ 30} R.C. 1.50 recognizes the authority of the courts to review legislative enactments and sever, if necessary, provisions that are deemed in conflict with the Ohio Constitution. Id. at ¶ 38. The statute states: "[i]f any provisions of a section of the Ohio Revised Code or the application thereof to any person or circumstance is held invalid, the invalidity does not affect other provisions or applications of the section * * * which can be given effect without the invalid provision or application, and to this end the provisions are severable." R.C. 1.50
(emphasis added). Thus, pursuant to the statute, the legislature granted courts "a specific remedy * * * the judicial branch may use when [determining] a statute's constitutionality." Elswick, 2006-Ohio-7011, at ¶ 38.
 {¶ 31} In interpreting the constitutionality of Ohio's sentencing statutes, the Supreme Court of Ohio stated as follows with regard to presumptive minimum terms: "Ohio has a presumptive minimum prison term that must be overcome by * * * judicial findings. For someone who has never been to prison before (not necessarily a first-time offender), the court must find that the shortest prison term will `demean the seriousness' of the crime or will inadequately protect the public; otherwise, the court must find that the offender has already been to prison to impose more than a minimum term." Foster, 2006-Ohio-856, at ¶ 60. After the severance remedy, the court stated that "[a]ll references to mandatory judicial fact-finding properly may be eliminated * * * [and] *Page 9 
[w]ithout the mandatory judicial fact-finding there is nothing to suggest a `presumptive term.'" Id. at ¶ 96. As the Fifth District Court of Appeals explained, "the Court in Foster * * * found that the presumption * * * only existed if the trial courts were free to overcome the presumption based upon the offender's history or the particular facts of the case. The natural corollary to this finding is that the legislature never mandated a mandatory minimum sentence uponevery offender who had not previously served a prison term." State v.Paynter, 5th Dist. No. CT2006-0034, 2006-Ohio-5542, at ¶ 38. Thus, once the judicially mandated findings, as found unconstitutional inFoster, Apprendi, Blakely, and Booker were excised, the presumptive minimum term, absent the unconstitutional findings could not begiven effect. In other words, the presumption was superfluous when taken out of the context of the judicially-mandated findings which were found to offend the Constitution.
 {¶ 32} In addition, the Supreme Court proceeded to outline "the `overwhelming majority' of S.B. 2s reforms that survive[Foster's] holding, and noted that trial courts must still `consider those portions of the sentencing code that are unaffected by its decision * * *.'" Elswick, 2006-Ohio-7011, at ¶ 51, citingFoster, at ¶¶ 101, 105. These include the requirements that trial courts consider the purposes and principles of sentencing found in R.C. 2929.11
and the seriousness and recidivism factors found in R.C. 2929.12 prior to imposing a felony sentence within the authorized statutory range. Id. (citations omitted).
 {¶ 33} Thus, excising the unconstitutional provisions, and those which logically could not survive, does not "detract from the overriding objectives of the General Assembly, including the goals of protecting the public and punishing the offender." Id. *Page 10 
at ¶ 52, quoting Foster, 2006-Ohio-856, at ¶ 98. Accordingly, we find Spicuzza's third and fifth assignments of error to be without merit.
 {¶ 34} Finally, in his fourth assignment of error, Spicuzza argues that the trial court's application of Foster violated the principle of "lenity," in construing criminal statutes, as codified in R.C.2901.04(A), which states that "sections of the Revised Code defining * * * penalties shall be strictly construed against the state, and liberally construed in favor of the accused." We disagree.
 {¶ 35} As we have previously stated, "[t]he principle of lenity applies to the construction of ambiguous statues, not to determinations of a statute's constitutionality or to the law regarding the retroactive effect of Supreme Court decisions." Green, 2006-Ohio-6695, at ¶ 24, citing United States v. Johnson (2000), 529.U.S. 53, 59. "Because the R.C. 2929.14(B) is not ambiguous, the rule of lenity does not apply."Elswick, 2006-Ohio-7011, at ¶ 43 (citations omitted).
 {¶ 36} Spicuzza's fourth assignment of error is without merit.
 {¶ 37} For the foregoing reasons, we affirm the judgment of the Lake County Court of Common Pleas.
CYNTHIA WESTCOTT RICE, P.J., concurs,
 COLLEEN MARY OTOOLE, J., concurs in judgment only. *Page 1