OPINION
{¶ 1} Appellant, Daniel A. Vanderhoof, Jr., appeals the sentence imposed on him by the Lake County Court of Common Pleas. For the reasons that follow, we affirm.
 {¶ 2} On September 28, 2005, appellant pled guilty to: one count of attempted burglary, a felony of the fourth degree, and one count of disrupting public services, a felony of the fourth degree in Case No. 04-CR-000789 (Appeal No. 2006-L-220); one count of attempted burglary, a felony of the fifth degree, and one count of resisting *Page 2 
arrest, a misdemeanor of the second degree in Case No. 05-CR-000512 (Appeal No. 2006-L-219); and one count of domestic violence, a felony of the fourth degree in Case No. 05-CR-000573 (Appeal No. 2006-L-218).
 {¶ 3} On October 31, 2005, the trial court sentenced appellant to a fourteen-month term on the attempted burglary charge in Case No. 04 CR 000789 to be served concurrently with a fourteen-month sentence for the disrupting public service charge. Appellant was also sentenced in Case No. 05 CR 000512 to eleventh months for the attempted burglary charge and in Case No. 05 CR 000573 to a seventeen-month term for the domestic violence offense. All sentences were to run consecutively for a total of forty-two months in prison.
 {¶ 4} Appellant's case was remanded for resentencing consistent with the Supreme Court of Ohio's decision in State v. Foster, 109 Ohio St.3d, 2006-Ohio-856. The trial court held a new sentencing hearing on August 31, 2006. The court considered the pre-sentence report, including victim impact statements, as well as statements from the appellant, his grandmothers, and girlfriend. The court also stated that it considered the overriding purposes of felony sentencing under R.C. 2929.11 and the relevant factors set forth in R.C. 2929.12.
 {¶ 5} Pursuant to its September 7, 2006 judgment entry, the trial court imposed the same prison sentence on appellant as it did previously. It is from that judgment that appellant filed a timely notice of appeal for each case, which we consolidated for our review. Appellant raises five assignments of error:
 {¶ 6} "[1.] The trial court erred when it sentenced the defendant-appellant to more-than-the minimum, consecutive prison terms in violation of the Due Process and Ex Post Facto clauses of the Ohio and United States Constitutions. *Page 3 
 {¶ 7} "[2.] The trial court erred when it sentenced the defendant-appellant to more-than-the minimum, consecutive prison terms in violation of defendant-appellant's right to due process.
 {¶ 8} "[3.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum, consecutive prison terms based on the Ohio Supreme Court's severance of the offending provisions under Foster, which was an act of the principle of separation of powers.
 {¶ 9} "[4.] The trial court erred when it sentenced the defendant-appellant to more-than-the minimum, consecutive prison terms contrary to the rule of lenity.
 {¶ 1O} "[5.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum, consecutive prison terms contrary to the intent of the Ohio legislators."
 {¶ 11} The arguments raised by appellant in his assignments of error are identical to those arguments raised and rejected in numerous prior decisions of this court. See State v. Green, 11th Dist. Nos. 2005-A-0069 and 2005-A-0070, 2006-Ohio-6695; State v. Elswick, 11th Dist. No. 2006-L-075, 2006-Ohio-7011; State v. Asbury, 11th Dist. No. 2006-L-097,2007-Ohio-1073; State v. Anderson, 11th Dist. No. 2006-L-142,2007-Ohio-1062; State v. Spicuzza, 11th Dist. No. 2006-L-141,2007-Ohio-783.
 {¶ 12} These same arguments have also been consistently rejected by other Ohio appellate districts and federal courts. See State v.Gibson, 10th Dist. No. 06AP-509, 2006-Ohio-6899; State v. Moore, 3d Dist. No. 1-06-51, 2006-Ohio-6860; United States v.Portillo-Quezada (C.A.10 2006), 469 F.3d 1345, 1354-1356, and the cases cited therein. *Page 4 
 {¶ 13} Thus, based in our prior decisions, appellant's assignments of error are without merit.
 {¶ 14} The judgment of the Lake County Court of Common Pleas is affirmed.
 CYNTHIA WESTCOTT RICE, P.J., DIANE V. GRENDELL, J., concur. *Page 1