OPINION
{¶ 1} Appellant, Jerome Johnson, appeals from the judgment entry on sentence of the Lake County Court of Common Pleas. We affirm.
 {¶ 2} On October 20, 2004, a jury convicted defendant-appellant, Jerome Johnson, on two counts of Domestic Violence, a fourth-degree felony in violation of R.C. 2919.25(A); one count of Aggravated Burglary, a first-degree felony in violation of R.C. *Page 2 2911.11(A)(1); one count of Kidnapping, a first-degree felony in violation of R.C. 2905.01(A); one count of Rape, a first-degree felony in violation of R.C. 2907.02(A)(2); and one count of Attempted Rape, a second-degree felony in violation of R.C. 2923.02 and R.C.2907.02(A)(2).
 {¶ 3} On November 24, 2004, appellant was sentenced to a total of twenty-seven years in prison. He received a one-year prison term on each Domestic Violence count; a nine-year prison term for Aggravated Burglary count; a seven-year prison term for the Attempted Rape count; and a nine-year prison term for the Rape count with which the Kidnapping count merged; all terms to be served consecutively.
 {¶ 4} Appellant appealed his sentence and in State v. Johnson, 11th Dist. No. 2004-L-215, 2006-Ohio-4540, this court remanded for resentencing pursuant to State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. At the resentencing hearing on February 28, 2007, the trial court imposed the same sentence. Appellant now appeals and assigns the following five errors for our consideration.
 {¶ 5} "[1.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum, consecutive prison terms in violation of the due process and ex post facto clauses of the Ohio and United States Constitutions.
 {¶ 6} "[2.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum, consecutive prison terms in violation of defendant-appellant's right to due process.
 {¶ 7} "[3.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum, consecutive prison terms based on the Ohio Supreme Court's *Page 3 
severance of the offending provisions under Foster, which was an act in violation of the principle of separation of powers.
 {¶ 8} "[4.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum, consecutive prison terms contrary to the rule of lenity.
 {¶ 9} "[5.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum, consecutive prison terms contrary to the intent of the Ohio legislators."
 {¶ 10} The arguments asserted by appellant in these assignments of error are interrelated and will therefore be considered together. In particular, they are identical to those arguments raised and rejected in numerous prior decisions of this court. See State v. Green, 11th Dist. Nos. 2005-A-0069 and 2005-A-0070, 2006-Ohio-6695; State v. Elswick, 11th Dist. No. 2006-L-075, 2006-Ohio-7011, at ¶ 30, discretionary appeal not allowed by State v. Elswick, 113 Ohio St.3d 1513, 2007-Ohio-2208;State v. Asbury, 11th Dist. No. 2006-L-097, 2007-Ohio-1073, at ¶ 15;State v. Anderson, 11th Dist. No. 2006-L-142, 2007-Ohio-1062, at ¶ 15;State v. Spicuzza, 11th Dist. No. 2006-L-141, 2007-Ohio-783, at ¶ 13-35;State v. Dudas, 11th Dist. Nos. 2006-L-267 and 2006-L-268, 2007-Ohio-6739, ¶ 117-125.
 {¶ 11} These same arguments have also been consistently rejected by other Ohio appellate districts and federal courts. See State v.Gibson, 10th Dist. No. 06AP-509, 2006-Ohio-6899; State v. Moore, 3d Dist. No. 1-06-51, 2006-Ohio-6860, at ¶ 9; United States v.Portillo-Quezada (C.A. 10, 2006), 469 F.3d 1345, 1354-1356, and the cases cited therein. *Page 4 
 {¶ 12} Finally, these arguments have essentially been rejected by the Ohio Supreme Court as a result of the Court's refusal to exercise jurisdiction in Elswick, supra.
 {¶ 13} For the foregoing reasons, appellant's five assignments of error are overruled and the judgment entry on sentence of the Lake County Court of Common Pleas is hereby affirmed.
 DIANE V. GRENDELL, P.J., COLLEEN MARY O'TOOLE, J., concur. *Page 1