OPINION
{¶ 1} Appellant, Lyndal L. Kimble appeals the sentence of the Trumbull County Court of Common Pleas following this court's reversal and remand pursuant to State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. At issue is whether appellant's sentence violates the due process and ex post facto clauses of the United States Constitution and *Page 2 
whether his consecutive sentence violates Ohio law. For the reasons that follow, we affirm.
 {¶ 2} Following a jury trial, appellant was convicted of eight counts of trafficking in cocaine, felonies of the fifth degree, in violation of R.C. 2925.03(A)(1) (C)(4)(a) and one count of possession of cocaine, a felony of the fifth degree, in violation of R.C. 2925.11(A) and (C)(4)(a). He was sentenced to ten months on each count, each to be served consecutively to the other, resulting in a sentence of seven years and six months in prison.
 {¶ 3} In State v. Kimble, 11th Dist. No. 2005-T-0086, 2006-Ohio-6863, this court reversed appellant's sentence and remanded the case to the trial court for resentencing pursuant to the Supreme Court of Ohio's decision in Foster, supra.
 {¶ 4} On May 2, 2007, the trial court resentenced appellant to the same sentence the court had previously imposed, and ordered that the sentence be served consecutively to the prison term imposed by the trial court in a previous case. At his resentencing appellant objected to the imposition of the same sentence, arguing it violated his constitutional rights. The court's judgment was entered on May 15, 2007. Appellant now appeals from the trial court's sentence, and asserts two assignments of error. For his first assignment of error, he alleges:
 {¶ 5} "THE TRIAL COURT DENIED MR. KIMBLE DUE PROCESS OF LAW, BY SENTENCING HIM TO NON-MINIMUM AND CONSECUTIVE TERMS OF IMPRISONMENT, IN VIOLATION OF THE EX POST FACTO DOCTRINE, *Page 3 FOURTEENTH AMENDMENT, ARTICLE I, SECTION X, UNITED STATES CONSTITUTION."
 {¶ 6} The arguments asserted by appellant under his first assignment of error are identical to those arguments raised and rejected in numerous prior decisions of this court. See State v. Green, 11th Dist. Nos. 2005-A-0069 and 2005-A-0070, 2006-Ohio-6695; State v. Elswick, 11th Dist. No. 2006-L-075, 2006-Ohio-7011, at ¶ 30, discretionary appeal not allowed, 113 Ohio St.3d 1513, 2007-Ohio-2208; State v. Asbury, 11th Dist. No. 2006-L-097, 2007-Ohio-1073, at ¶ 15; State v. Anderson, 11th Dist. No. 2006-L-142, 2007-Ohio-1062, at ¶ 15; State v. Spicuzza, 11th Dist. No. 2006-L-141, 2007-Ohio-783, at ¶ 13-35; State v. Dudas, 11th Dist. Nos. 2006-L-267 and 2006-L-268, 2007-Ohio-6739, ¶ 117-125.
 {¶ 7} These same arguments have also been consistently rejected by other Ohio appellate districts and federal courts. See State v.Gibson, 10th Dist. No. 06AP-509, 2006-Ohio-6899; State v. Moore, 3d Dist. No. 1-06-51, 2006-Ohio-6860, at ¶ 9; United States v.Portillo-Quezada (C.A. 10, 2006), 469 F.3d 1345, 1354-1356, and the cases cited therein.
 {¶ 8} Finally, these arguments have essentially been rejected by the Ohio Supreme Court as a result of the Court's refusal to exercise jurisdiction in Elswick, supra.
 {¶ 9} Appellant's first assignment of error is not well taken.
 {¶ 10} For his second assignment of error, appellant asserts: *Page 4 
 {¶ 11} "THE TRIAL COURT ERRED IN SENTENCING MR. KIMBLE TO SERVE CONSECUTIVE PRISON TERMS. FOURTEENTH AMENDMENT, UNITED STATES CONSTITUTION; SECTION 16, ARTICLE I, OHIO CONSTITUTION."
 {¶ 12} Under his second assignment of error, appellant argues that when the Supreme Court in Foster, supra, severed R.C. 2929.14(E)(4) and R.C. 2929.41(A) because they required judicial findings of fact, it excised the only statutory authority to impose consecutive prison terms because no other sections of the Revised Code expressly authorizes consecutive sentences. The state does not dispute this contention. He further argues that as a result of Foster, supra, Ohio trial courts no longer have authority to impose such sentences. We do not agree.
 {¶ 13} The Supreme Court of Ohio in Foster, supra, held: "R.C. 2929.14(E)(4) and 2929.41(A) are capable of being severed. After the severance, judicial factfinding is not required before imposition of consecutive prison terms." Id. at paragraph four of the syllabus.
 {¶ 14} Further, the Foster Court held: "Trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at paragraph seven of the syllabus.
 {¶ 15} The Court also held: "If an offender is sentenced to multiple prison terms, the court is not barred from requiring those terms to be served consecutively." Id. at ¶ 105. *Page 5 
 {¶ 16} The Supreme Court thus held that, following severance of the offending statutory provisions, trial courts still have the authority to impose consecutive sentences. As an appellate court, we do not have authority to deviate from the Ohio Supreme Court's clear pronouncement in Foster, supra. Green, supra, at ¶ 21. This court has held: "We are bound to following the holding of the Ohio Supreme Court [inFoster, supra] * * *." Green, supra.
 {¶ 17} Appellant's second assignment of error is not well taken.
 {¶ 18} For the reasons stated in the Opinion of this court, the assignments of error are without merit, and it is the judgment and order of this court that the judgment of the Trumbull County Court of Common Pleas is affirmed.
 COLLEEN MARY OTOOLE, J., TIMOTHY P. CANNON, J., concur. *Page 1