OPINION
{¶ 1} This appeal arises from the Lake County Court of Common Pleas. On May 16, 2003, the Lake County Grand Jury returned a nineteen-count indictment against appellant, James V. Kirkland. Kirkland subsequently pled guilty to the following offenses: a lesser included offense of count one, engaging in a pattern of corrupt activity, a felony of the second degree; illegal manufacture of drugs, a felony of the first degree, with a corresponding juvenile specification; three counts of theft, felonies of the fifth degree; receiving stolen property, a felony of the fifth degree; identity fraud, a felony of the fifth degree; forgery, a felony of the fifth degree; possessing criminal tools, a felony of the fifth degree; and aggravated trafficking in drugs, a felony of the second degree.
 {¶ 2} A nolle prosequi was entered with respect to the remaining charges in the indictment.
 {¶ 3} The matter was referred for a presentence investigation report and, on July 18, 2003, Kirkland was sentenced to: five years on the lesser included offense of engaging in a pattern of corrupt activity; five years on the offense of illegal manufacture of drugs with a juvenile specification, which was a mandatory term of imprisonment; six months each on the theft, receiving stolen property, identity fraud, forgery, and possessing criminal tools convictions; and, finally, two years on the aggravated trafficking in drugs count. The trial court ordered the prison terms for engaging in a pattern of corrupt activity, illegal manufacture of drugs with the juvenile specification, and aggravated trafficking in drugs to run consecutively to each other, but concurrently with the prison terms imposed on the remaining counts. Therefore, Kirkland was sentenced to a total of twelve years imprisonment.
 {¶ 4} Kirkland filed the instant appeal with this court, presenting the following assignment of error:
 {¶ 5} "The trial court erred to the prejudice of the defendant-appellant when it ordered consecutive sentences."
 {¶ 6} Subsequent to filing his appellate brief with this court, Kirkland submitted a motion for leave to file a supplemental assignment of error regarding his sentencing in light of the United States Supreme Court's holding in Blakely v.Washington.[1] This court granted Kirkland's motion, and his supplemental argument is included within the instant appeal as a second assignment of error:
 {¶ 7} "The trial court erred when it sentenced the defendant-appellant to consecutive sentences based upon a finding of factors not found by the jury or admitted by the defendant-appellant in violation of the defendant-appellant's state and federal constitutional rights to trial by jury."
 {¶ 8} In his first assignment of error, Kirtland contends the trial court erred in failing to adhere to the statutory guidelines when imposing consecutive sentences. In his second assignment of error, Kirkland contends that, pursuant to the United States Supreme Court's holding in Blakely, the trial court violated his constitutional rights to a trial by jury by imposing consecutive sentences.
 {¶ 9} The Supreme Court of Ohio has recently addressed the implication of Blakely v. Washington on Ohio's sentencing structure.[2] In State v. Foster, the Supreme Court of Ohio held "[b]ecause R.C. 2929.14(E)(4) and 2929.41(A) require judicial finding of facts not proven to a jury beyond a reasonable doubt or admitted by the defendant before the imposition of consecutive sentences, they are unconstitutional."[3]
 {¶ 10} To remedy the sentencing statutes, the Supreme Court of Ohio severed the unconstitutional portions requiring judicial factfinding.[4]
 {¶ 11} The trial court imposed consecutive sentences, which were arrived at via judicial factfinding. Thus, pursuant toState v. Foster, the sentences are unconstitutional.[5]
 {¶ 12} We note that Kirkland is not challenging the length of his sentences on appeal. He is only challenging the trial court's imposition of the sentences in a consecutive nature. Thus, pursuant to State v. Saxon, we will not disturb the length of the individual sentences imposed by the trial court.[6] The judgment of the trial court is vacated and reversed, and the matter is remanded for resentencing, pursuant to State v.Foster.[7] On remand, the only issue for the trial court is whether the sentences should be served consecutively.
Rice, J., concurs, Grendell, J., concurs in judgment only.
[1] Blakely v. Washington (2004), 542 U.S. 296.
[2] State v. Foster, ___ Ohio St.3d ___, 2006-Ohio-856.
[3] Id., at paragraph three of the syllabus, followingApprendi v. New Jersey, (2000), 530 U.S. 466, and Blakely v.Washington, supra.
[4] State v. Foster, paragraph four of the syllabus, following United States v. Booker (2005), 543 U.S. 220.
[5] State v. Foster, paragraph three of the syllabus.
[6] State v. Saxon, ___ Ohio St.3d ___, 2006-Ohio-1245, paragraph three of the syllabus.
[7] State v. Foster, at ¶ 104.