OPINION
{¶ 1} Defendant-appellant, James V. Kirkland ("Mr. Kirkland"), appeals from the June 20, 2006 judgment entry of the Lake County Court of Common Pleas, which resentenced him post-Foster. For the reasons that follow, we affirm.
 {¶ 2} On May 16, 2003, the Lake County Grand Jury handed down a nineteen count indictment against Mr. Kirkland. Mr. Kirkland subsequently pled guilty to the following offenses: engaging in a pattern of corrupt activity (a lesser included offense of *Page 2 
count one), a felony of the second degree; illegal manufacture of drugs with a juvenile specification, a felony of the first degree, and subject to a mandatory prison term; three counts of theft, felonies of the fifth degree; receiving stolen property, a felony of the fifth degree; identity fraud, a felony of the fifth degree; forgery, a felony of the fifth degree; possessing criminal tools, a felony of the fifth degree and aggravated trafficking in drugs, a felony of the second degree. The remaining charges were nolled.
 {¶ 3} The trial court sentenced Mr. Kirkland to a total of twelve years imprisonment, which included five years for the engaging in a pattern of corrupt activity charge, five years for the illegal manufacture of drugs charge, and two years for the aggravated trafficking charge to run consecutively to each other, but to run concurrently with terms of six months each on the remaining counts.
 {¶ 4} Mr. Kirkland challenged this sentence in a prior appeal. Because this court found that the trial court's decision to impose consecutive sentences was reached via judicial factfinding, in contravention of the Supreme Court of Ohio's pronouncement in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, we reversed and remanded for resentencing underFoster to determine whether the sentences should be served consecutively. State v. Kirkland, 11th Dist. No. 2003-L-133,2006-Ohio-2006.
 {¶ 5} Upon remand, the trial court conducted a sentencing hearing and subsequently sentenced Kirkland to the same sentences it had imposed at the first sentencing hearing, to be served consecutively. Prior to imposing the sentences, the court considered the record, oral statements, victim impact statements, pre-sentence report and/or drug and alcohol evaluations as well as the principles and purposes of *Page 3 
sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12.
 {¶ 6} Kirkland filed the instant appeal, raising five assignments of error:
 {¶ 7} "[1.] The trial court erred when it sentenced the defendant-appellant to more-than-the minimum and consecutive prison terms in violation of the due process and ex post facto clauses of the Ohio and United States Constitutions.
 {¶ 8} "[2.] The trial court erred when it sentenced the defendant-appellant to more-than-the minimum and consecutive prison terms in violation of defendant-appellant's right to due process.
 {¶ 9} "[3.] The trial court erred when it sentenced the defendant-appellant to more-than-the minimum and consecutive prison terms based on the Ohio Supreme Court's severance of the offending provisions under Foster, which was an act in violation of the principle of separation of powers.
 {¶ 10} "[4.] The trial court erred when it sentenced the defendant-appellant to more-than-the minimum and consecutive prison terms contrary to the rule of lenity.
 {¶ 11} "[5.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum and consecutive prison terms contrary to the intent of the Ohio legislators."
 {¶ 12} We note that the issues contained in appellant's five assignments of error have recently been raised and rejected by this court in numerous prior decisions of this court. See State v.Green, 11th Dist. Nos. 2005-A-0069 and 2005-A-0070, 2006-Ohio-6695;State v. Elswick, 11th Dist. No. 2006-L-075, 2006-Ohio-7011; State v.Asbury, *Page 4 
11th Dist. No. 2006-L-097, 2007-Ohio-1073; State v. Anderson, 11th Dist. No. 2006-L-142, 2007-Ohio-1062; State v. Spicuzza, 11th Dist. No. 2006-L-141, 2007-Ohio-783.
 {¶ 13} These same arguments have also been consistently rejected by other Ohio appellate districts and federal courts. See State v.Gibson, 10th Dist. No. 06AP-509, 2006-Ohio-6899; State v. Moore, 3d Dist. No. 1-06-51, 2006-Ohio-6860; United States v.Portillo-Quezada (C.A.10 2006), 469 F.3d 1345, 1354-1356, and the cases cited therein.
 {¶ 14} Thus, based on our prior decisions, appellant's assignments of error are without merit.
 {¶ 15} The judgment of the Lake County Court of Common Pleas is affirmed.
 CYNTHIA WESTCOTT RICE, P.J., DIANE V. GRENDELL, J., concur. *Page 1