OPINION
{¶ 1} Appellant, Joseph S. Dean ("Dean"), appeals the maximum sentences he received for his convictions for burglary and receiving stolen property.
 {¶ 2} On January 23, 2004, Dean entered a private residence in Mentor, Ohio, by breaking a window for the purpose of stealing four twelve-week-old bulldogs that were advertised for sale. He had anonymously called the owner of the dogs the day before to make sure neither he nor his wife would be home on January 23, 2004. He also stole a license plate from another vehicle to avoid identification after he fled with the dogs. He intended to sell the dogs without papers to a buyer in Georgia for $800 apiece. The police who investigated the crime were able to retrieve the dogs and return them to their owner.
 {¶ 3} Dean was indicted by the grand jury in a three-count indictment on July 1, 2004. Count 1 alleged that he had committed burglary in a private residence, a violation of R.C.2911.12(A)(2), and a felony of the second degree. Count 2 alleged that he committed a theft offense, a violation of R.C.2913.02(A)(2), and a felony of the fourth degree. Count 3 alleged that he received stolen property, to wit, a license plate, a violation of R.C. 2913.51(A), and a felony of the fifth degree.
 {¶ 4} On October 29, 2004, Dean entered guilty pleas to the lesser included offense of burglary under R.C. 2911.12(A)(3), a felony of the third degree, and to receiving stolen property. This section of the burglary statute does not state that another person is likely to be present when the burglary is committed, which is an element under R.C. 2911.12(A)(2). A presentence investigation report was ordered, and on January 6, 2005, he was sentenced to five years in prison for the burglary offense, and one year for the receiving stolen property offense, both sentences to run concurrently. The sentences were the maximums for the offenses to which he pled guilty. He was also ordered to pay restitution of $300 for the broken window. Dean filed a timely appeal from this sentence to this court.
 {¶ 5} Dean's first assignment of error is as follows:
 {¶ 6} "The trial court erred by sentencing the defendant-appellant to the maximum term of imprisonment on both charges."
 {¶ 7} Dean's second assignment of error is as follows:
 {¶ 8} "The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum and maximum sentences based upon a finding of factors not found by the jury or admitted by the defendant-appellant in violation of the defendant-appellant's state and federal constitutional rights to trial by jury."
 {¶ 9} In light of the recent decision by the Supreme Court of Ohio in State v. Foster, we find merit in these two assignments of error. Paragraph one of the syllabus in that case holds that insofar as R.C. 2929.14(C) requires judicial factfinding in order to impose the maximum sentence, it is unconstitutional.[1]
The trial court made findings pursuant to R.C. 2929.14(C). TheFoster decision required that R.C. 2929.14(C) be severed from the Ohio sentencing statutes and that appellants be resentenced without judicial factfinding.[2] We, therefore, remand this matter to the trial court for resentencing.
 {¶ 10} The first and second assignments of error have merit.
 {¶ 11} The sentencing order of the trial court is reversed. This matter is remanded to the trial court for resentencing.
Ford, P.J., O'Toole, J., concur.
[1] State v. Foster, ___ Ohio St.3d ___, 2006-Ohio-856, paragraph one of the syllabus, citing Apprendi v. New Jersey
(2000), 530 U.S. 466 and Blakely v. Washington (2004),542 U.S. 296.
[2] Id. at ¶ 99-104.