OPINION
{¶ 1} This matter is submitted to this court on the record and the briefs of the parties. Appellant, Joseph S. Dean, appeals the judgment entered by the Lake County Court of Common Pleas. Following a remand from this court, the trial court resentenced Dean to an aggregate prison term of five years for his convictions for burglary and receiving stolen property. For the following reasons, we affirm. *Page 2 
 {¶ 2} In July 2004, Dean was indicted on one count of burglary, in violation of R.C. 2911.12(A)(2) and a second-degree felony; one count of grand theft, in violation of R.C. 2913.02(A)(1) and a fourth-degree felony; and one count of receiving stolen property, in violation of R.C.2913.51(A) and a fifth-degree felony.
 {¶ 3} Dean pled guilty to a lesser-included offense of count one, to wit, burglary in violation of R.C. 2911.12(A)(3), a third-degree felony, and the receiving stolen property counts. Upon recommendation of the state, the trial court dismissed the remaining counts of the indictment.
 {¶ 4} The trial court sentenced Dean to a five-year prison term for his burglary conviction and a one-year prison term for his receiving stolen property conviction. The trial court ordered these sentences be served concurrently. Thus, Dean's aggregate prison sentence was five years.
 {¶ 5} Dean appealed the sentencing entry to this court. On appeal, this court reversed the trial court's judgment entry and remanded the matter for resentencing pursuant to State v. Foster. State v. Dean, 11th Dist. No. 2005-L-028, 2006-Ohio-2014, at ¶ 9, citing State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, at ¶ 99-104.
 {¶ 6} In August 2006, the trial court conducted a resentencing hearing. The trial court again sentenced Dean to a five-year prison term for his burglary conviction and a one-year prison term for his receiving stolen property conviction. These sentences were again ordered to be served concurrently, resulting in an aggregate five-year prison sentence.
 {¶ 7} Dean has timely appealed the trial court's resentencing judgment entry. Dean raises the following assignments of error: *Page 3 
 {¶ 8} "[1.] The trial court erred when it sentenced the defendant-appellant to a more-than-the-minimum and maximum prison term in violation of the Due Process and Ex Post Facto Clauses of the Ohio and United States Constitutions.
 {¶ 9} "[2.] The trial court erred when it sentenced the defendant-appellant to a more-than-the-minimum and maximum prison term in violation of defendant-appellant's right to due process.
 {¶ 10} "[3.] The trial court erred when it sentenced the defendant-appellant to a more-than-the-minimum and maximum prison term based on the Ohio Supreme Court's severance of the offending provisions under Foster, which was an act in violation of the principle of separation of powers.
 {¶ 11} "[4.] The trial court erred when it sentenced the defendant-appellant to a more-than-the-minimum and maximum prison term contrary to the rule of lenity.
 {¶ 12} "[5.] The trial court erred when it sentenced the defendant-appellant to a more-than-the-minimum and maximum prison term contrary to the intent of the Ohio Legislators."
 {¶ 13} Collectively, Dean asserts his sentence is unconstitutional, because he committed his crimes prior to the Supreme Court of Ohio's decision in State v. Foster, but was sentenced pursuant to the post-Foster version of R.C. 2929.14. See State v. Foster, supra. This court has addressed Dean's arguments in the case of State v.Elswick, 11th Dist. No. 2006-L-075, 2006-Ohio-7011. In State v.Elswick, this court found the nearly verbatim assignments of error that are raised in this appeal to be without merit. Id. at ¶ 5-55. See, also,State v. Green, 11th Dist. Nos. 2005-A-0069 and 2005-A-0070,2006-Ohio-6695; State v. Asbury, 11th Dist. No. 2006-L-097,2007-Ohio-1073; *Page 4 State v. Anderson, 11th Dist. No. 2006-L-142, 2007-Ohio-1062; andState v. Spicuzza, 11th Dist. No. 2006-L-141, 2007-Ohio-783.
 {¶ 14} In addition, these same arguments have also been consistently rejected by other Ohio appellate districts and federal courts. SeeState v. Gibson, 10th Dist. No. 06AP-509, 2006-Ohio-6899; State v.Moore, 3d Dist. No. 1-06-51, 2006-Ohio-6860; United States v.Portillo-Quezada (C.A.10, 2006), 469 F.3d 1345, 1354-1356, and the cases cited therein.
 {¶ 15} Based on the authority of State v. Elswick, Dean's assignments of error are without merit.
 {¶ 16} The judgment of the Lake County Court of Common Pleas is affirmed.
 DIANE V. GRENDELL, J., COLLEEN MARY OTOOLE, J., concur. *Page 1